Southern Ry. Co. v. Pouder.

Southern Ry. Co. *v.* William R. Pouder *et al.*

(*Knoxville.*   September   Term,   1918.)

1. **EMINENT DOMAIN.** Compensation. Improvements made by condemnor.

Where railway company constructed a freight depot on lot on assumption that it was entitled to possession, *held*, that defendant, who thereafter was adjudged the owner, would not, in condemnation proceedings by the railway, be entitled to recover for the improvements. (*Post, pp.* 200, 201.)

Cases cited and approved:   Southern Ry. Co. v. Jennings, 130 Tenn., 450;   St. Johnsville v. Smith, 184 N. Y., 341;   United States v. A Certain Tract of Land, 47 Cal., 515;   Justice v. Nesquehoning Valley R. Co., 87 Pa., 28;   Jones v. N. O., etc., R. Co., 70 Ala., 227;   Toledo, etc., R. Co. v. Dunlap, 47 Mich., 465;   Newgass v. St. L., etc., R. Co., 54 Ark., 140;   St. L., etc., R. Co. v. Nyce, 61 Kan., 394;   Jacksonville, etc., R. Co. v. Adams, 28 Fla., 631.

2. **EMINENT DOMAIN.** Review. Scope.

It is unnecessary for court on appeal to decide whether defendants are entitled to value of lot without improvements at the time of the condemnation proceedings, as distinguished from the value of the lot at the time of plaintiff's entry, no distinction having been taken by defendants between the present value of the lot without the improvements and the present value of the lot with the improvements. (*Post, pp.* 201, 202.)

3. **APPEAL AND ERROR.** Review. Damages. Concurrence of the lower courts.

Where there is a concurrence of the two lower courts as to the amount of damages in a condemnation proceeding, the supreme court will not interfere except under very unusual circumstances. (*Post, p.* 202.)

Cases cited and approved:   Grant v. Railroad, 129 Tenn., 398;   Carolina, etc., R. Co. v. Shewalter, 128 Tenn., 363.

4. **EMINENT DOMAIN.** Review. Matters not presented on motion for new trial.

Assignment with reference to allowance of interest will be over-ruled, where the matter was not called to the attention of the trial court on motion for new trial.  (*Post, p. 202.*)

FROM WASHINGTON.

· Appeal from the Law Court of Washington County. —Hon. Dana Harmon, Judge.

Harr & Burrow, for appellant.

S. E. Miller and G. T. Lee, for appellees.

Mr. Justice Green delivered the opinion of the Court.

This proceeding was instituted by the Southern Railway Company to condemn a lot in Johnson City for depot purposes.  Both sides were dissatisfied with the result in the circuit court and appealed in error to the court of civil appeals.  The judgment of the lower court was there affirmed, and the case has been brought here.

The suit was instituted December 26, 1916, and the property sought to be condemned had already been taken and was covered by the freight depot of the railway company.

Prior to the erection of the depot, the lot was a strip of land about thirty feet wide, was vacant, and had been used as an alleyway.  The railway company, assuming that there had been a dedication, procured from the city an ordinance closing this alley, and, further-

more, procured a deed from persons claiming title to the lot.

It developed that the defendants herein also claimed title to this lot, and in litigation, formerly reaching this court, were given a decree for the land.

In the former suit, the railway company did not assert its right to hold the land as a condemnor, but resisted on the strength of its title merely as a defendant in ejectment.

Some other proceedings were had below after the other suit was decided in this court against the railway company, and it resulted that the railway company filed the petition herein to condemn. As stated above, the company had erected a large structure, used as a freight depot, covering this lot, several years ago, on the assumption that it was entitled to possession thereof.

The controversy is whether the railway company shall pay the value of the lot as it was when the company entered, or whether. it shall be required to pay for the lot as it now is, with the improvements thereon. The trial judge held that defendants were only entitled to damages equivalent to the value of the lot as it was when the railway company entered.

Defendants assign this action of the trial judge as error and insist that they are entitled to recover the value of the lot as it now lies. They rely on *Southern Railway Co.* v. *Jennings,* 130 Tenn., 450, 171 S. W., 82. That was a case in which the railway company took a conveyance of land from the life tenant, ignoring the rights of the remainderman. When the life estate fell in

the remainderman sued, and it was held that he was entitled to recover the value of the land as of the time his right of action accrued. The facts in *Southern Railway Co.* v. *Jennings,* supra, were peculiar, and there was no question of the value of improvements placed on the land by the railway company, and the case is not in point here.

The efforts of defendants in this suit is to recover the value of the improvements placed on the land by the railway company, upon the theory that the latter was a trespasser.

There is some authority for the defendant's position, notably, *St. Johnsville* v. *Smith,* 184 N. Y., 341, 77 N. E., 617, 5 L. R. A. (N. S.), 922, 6 Ann. Cas., 379, and *United States* v. *A Certain Tract of Land,* 47 Cal., 515. When these cases are analyzed, however, it is doubtful if the harsh rule applicable to a trespasser would be applied to a public service corporation endowed with the right of eminent domain which enters under a color of title, even in these jurisdictions.

The great weight of authority both in England, and America is to the contrary, and it is generally held that the measure of damages to which the owner of land is entitled under such circumstances is the value thereof without the improvements. It is usually so ruled, although the condemnor enters without color of right.

It is said that the compensation to which the owner is entitled as against an enterer possessed of the forum of eminent domain is merely just compensation for the loss and injury he has sustained; that the improvements placed upon the land are dedicated to public

uses and not to the use and benefit of the freehold; that such improvements are never designed to be incorporated with the soil, except for a purpose attending the possession; and that in proceedings to obtain a legal right to occupy the land there would be no sense in compelling a condemnor to pay for his own property. In other words, such improvements are not built to improve the land, or to enhance its ordinary utility, but to be used as a part of an easement for public purposes, entirely independent of the ordinary uses of the ground. *Justice* v. *Nesquehoning Valley R. Co.*, 87 Pa., 28; *Jones* v. *N. O. etc., R. Co.*, 70 Ala., 227; *Toledo, etc., R. Co.* v. *Dunlap*, 47 Mich., 465, 11 N. W., 271; *Newgass* v. *St. L., etc., R. Co.*, 54 Ark., 140, 15 S. W., 188; and numerous other cases collected in notes, 6 Ann. Cas., 383, 13 Ann. Cas., 980.

Very elaborate discussions of this question are to be found in *St. L., etc., R. Co.*, v. *Nyce*, 61 Kan., 394, 59 Pac., 1040, 48 L. R. A., 241, and *Jacksonville, etc., R. Co.* v. *Adams*, 28 Fla., 631, 10 South., 465, 14 L. R. A., 533; these cases being in harmony with the majority rule just announced.

So we are of opinion that defendants are not entitled to recover for the value of this property with the improvements thereon, and this was their sole contention below.

The trial judge limited damages to the value of the lots at the time of the entry by the railway company. No distinction was taken by defendants between the present value of the lot without the improvements, and the present value of the lot with the improvements. It

is not, therefore, necessary for us to decide whether defendants were entitled to the value of the lot without the improvements at the time of the condemnation proceedings as distinguished from the value of the lot without the improvements at the time of the entry. This question was not made. Defendants undertook to prove by their witnesses the value of the property as it stood at the time of the condemnation proceeding, and requested the trial judge to direct the jury to assess the value of the property as it then stood. As the property stood, the improvements, of course, were included.

It results that defendants' assignments of error are overruled.

The railway company assigns for error that the amount allowed as damages in the lower courts is excessive. This assignment must likewise be overruled. When there is a concurrence in the two lower courts on the amount of damages, this court will not interfere except under very unusual circumstances: *Grant* v. *Railroad,* 129 Tenn., 398, 165 S. W., 963; *Carolina, etc., R. Co.* v. *Shewalter,* 128 Tenn., 363, 161 S. W., 1136, L. R. A., 1916C, 964, Ann. Cas., 1915C, 605.

The railway company also makes an assignment of error with reference to the allowance of interest. This matter, however, was not called to the attention of the trial court on the motion for a new trial, and the assignment of error is therefore overruled.

Other points made by the railway company do not require discussion.

The judgment of the court of civil appeals is affirmed.