Provident Life & Accident Ins. Co. *v.* Victoria Rimmer.

(*Knoxville.*  September Term, 1928.)

Opinion filed December 8, 1928.

### 1. APPEAL.  CONCURRENT FINDINGS.  REMITTITUR.

A verdict of a jury approved by the trial judge and supported by material evidence is conclusive of the facts, and where the Court of Appeals, upon reviewing the evidence, sustains the action of the trial judge in directing a **remittitur** of the penalty, such action will not be reviewed by the Supreme Court.  (Post, p. 600.)

Citing: Railroad v. Showalter, 128 Tenn. (1 Thomp.), 363; Grant v. Railroad, 129 Tenn. (2 Thomp.), 398; Railway v. Pouder, 141 Tenn. (14 Thomp.), 202.

### 2. INSURANCE APPLICATION.  INCOMPLETE ANSWERS TO QUESTIONS.

Where, upon the face of the application for insurance, a question appears not answered at all or to be imperfectly answered, and the insurance company issues a policy without further inquiry, it waives the want of imperfection in the answer and renders the omission to answer more fully immaterial.  (Post, p. 601.)

Citing: Phoenix Mutual Life Ins. Co. v. Raddin, 120 U. S., 183, 30 L. Ed., 644.

### 3. LIFE INSURANCE APPLICATION.

Where in an application for accident insurance the applicant states that he has two accident policies but fails to state that he has a policy for $10,000 in an old line life insurance company, payable on proof of death, with a provision that upon death by accident the amount of insurance payable would be increased to $20,000, the addition of the double indemnity clause is not sufficient to divest the policy of its character of insurance on life or make it other than life insurance, and such omission would not void the policy.  (Post, p. 601.)

Citing: Logan v. Fidelity & Casualty Co., 146 Mo., 114; Johnson v. Fidelity & Guaranty Co. (Mich.), 151 N. W., 593; Zimmer v. Central Accident Co., 207 Pa., 472; Wright v. Fraternities Health & Accident Asso., 32 L. R. A. (N. S.), 461; Metropolitan Life Ins. Co. v. Ins. Comr., 208 Mass., 386; Standard Life & Accident Ins. Co. v. Carroll, 41 L. R. A., 194; Wahl v. Interstate Business Men's Acc. Assn., 50 A. L. R., 1377.

### 4. INSURANCE. INDEMNITY PROVISIONS.

Where there is no statute forbidding the insertion in an insurance policy of a provision for its protection against fraud, where the parties obtained over-insurance, such provision would be enforceable as against all kinds of insurance, but there is in Tennessee a supervening statute that effects all policies of life insurance and forbids the insertion of a provision on an insurance policy making the settlement of life insurance dependent upon extrinsic facts. (Post, p. 603.)

Citing: Dustin v. Interstate Business Men's Acc. Assn., L. R. A., 1917B, 319; Chapter 457, Acts of 1907.

### 5. INSURANCE. LIMITING CLAUSE. SETTLEMENT.

The statute which provides that no policy of life insurance shall be issued containing a provision for any mode of settlement at maturity of less value than the amount insured by the policy plus dividend additions, less indebtedness to the company and any premium that may be deducted, does not apply to annuities, industrial policies, or to corporations or associations operating on the assessment or fraternal plan. The provision of the statute which excludes these companies by express reference implies inclusion of all forms of insurance payable upon the death of the insured, and affects all policies of insurance on life without regard to its characterization by the company issuing them. A policy of insurance constitutes the entire contract between the parties and any provision for a settlement of insurance of less value than the amount thereof is forbidden. (Post, p. 604.)

Citing: Chapter 457, Acts of 1907.

---

**FROM KNOX.**

---

Appeal from the Circuit Court of Knox County.—Hon. A. C. Grimm, Judge.

R. M. McConnell and John A. Chambliss, for plaintiff in error.

Kennerly & Key, for defendant in error.

Mr. Justice Cook delivered the opinion of the Court.

The parties will be designated as in the trial court. Victoria Rimmer, the plaintiff, under a policy insuring Harris W. Rimmer for $5000 against death by accident, sued the defendant company, the insurer, in the circuit court to recover upon the policy. At the trial in the circuit court only two matters of fact were submitted to the jury; first, whether Harris W. Rimmer committed suicide or was accidentally killed, and, second, whether the defendant's refusal to pay the insurance was in bad faith so as to subject it to liability for the penalty.

A passenger train of the C., N. O. & T. P. Railway. Company struck and killed Rimmer while in his automobile on a grade crossing of the public highway on the railroad at a point between Rockwood and Spring City. The jury found that death resulted from accident; also that refusal to pay the insurance was in bad faith and assessed a penalty of $1250. Judgment was rendered upon the verdict for $5000 and interest, but the trial judge directed a *remittitur* of the penalty, which was done under protest. Both parties appealed, the Court of Appeals affirmed the judgment and the cause comes here for review upon *certiorari*. Both parties assigned errors in this Court.

(1) The verdict of the jury, approved by the trial judge, is supported by material evidence and is conclusive of the facts. Propositions determinative of the result will be disposed of without specific reference to the several assignments of error made on behalf of the parties. The Court of Appeals, upon reviewing the evidence, sustained the action of the trial judge in directing a *remittitur* of the penalty, and under the facts presented, the concurrent action of the trial judge and Court of Appeals, involving an exercise of discretion, will not be reviewed in this Court. *Railroad* v. *Showalter,* 128 Tenn., 363; *Grant* v. *Railroad,* 129 Tenn., 398; *Railway* v. *Pouder,* 141 Tenn., 202.

(2) Both parties assigned errors upon the action of the Court of Appeals in determining the effect of the declaration or answer of the insured to question 10 of the application. The question and answer are as follows:

"Q. What accident or health insurance have you in other companies or associations? A. Hartford & Mass. Protective Associations."

When the application was made, Harris W. Rimmer carried life insurance with the Equitable Life Assurance Society for $10,000 payable upon proof of death, with a provision that upon death by accident the amount of insurance payable would be increased to $20,000. The plaintiff insisted that this was life insurance, a disclosure of which was not called for in question 10, while the defendant insisted it was accident insurance that should have been disclosed, and further insisted that it being a fact material to the risk the failure to disclose the policy in the Equitable Life Assurance Society, rendered the policy issued to the applicant void. In disposing of

this question the Court of Appeals held that the defendant waived the defense that might otherwise have arisen by its action in issuing the policy upon the applicant's incomplete answer to the question.

In *Phoenix Mutual Life Ins. Co. v. Raddin*, 120 U. S., 183, the court said: "Where upon the face of the application a question appears not answered at all, or to be imperfectly answered and the insurers issue a policy without further inquiry, they waive the want of imperfection in the answer, and render the omission to answer more fully immaterial."

(3) The court might have gone further and held that the failure of the applicant to characterize the insurance in the Equitable Life Assurance Society as accident insurance did not constitute a false answer to the inquiry of what accident or health insurance he was carrying. The policy in the Equitable Life Assurance Society covered loss of life from natural as well as external and accidental causes, and was life insurance. The mere addition of the double indemnity clause providing for increased insurance upon proof of death by accident did not divest the policy of its character of insurance on life, or make the contract other than life insurance, for insurance on life includes all policies of insurance in which the payment of the insurance money is contingent upon the loss of life. *Logan v. Fidelity & Casualty Co.*, 146 Mo., 114; See, also, *Johnson v. Fidelity & Guaranty Co.* (Mich.), 151 N. W., 593; *Zimmer v. Central Accident Co.*, 207 Pa., 472; *Wright v. Fraternities Health & Accident Assn.*, 32 L. R. A. (N. S.), 461; *Metropolitan Life Ins. Co. v. Ins. Comr.*, 208 Mass., 386; *Standard Life & Accident Ins. Co. v. Carroll*, 41 L. R. A., 194; *Wahl v. Interstate Business Men's Acc. Assn.*, 50 A. L. R., 1377.

In addition to the policy in the Equitable Life Assurance Society, Harris W. Rimmer subsequently procured insurance in the Michigan Mutual Life Insurance Company for $10,000 payable upon death with a clause providing for the payment of $20,000 upon proof of death by accident. The defendant insists that to the extent of the additional insurance made payable upon proof of death by accident that the insurance in the Equitable and Michigan Mutual Life Insurance Company was accident insurance, and if the accident policy in defendant company is enforceable at all its obligation under the policy is limited to a settlement on the basis provided for in paragraph 17. This paragraph is inserted under the heading "Standard Provisions" and reads:

"If the Insured shall carry with another company, corporation, association or society, other insurance covering the same loss without giving written notice to the Company, then in that case the Company shall be liable only for such portion of the indemnity promised as the said indemnity bears to the total amount of like indemnity in all policies covering such loss, and for the return of such part of the premium paid as shall exceed the *pro rata* for the indemnity thus determined."

The insurance in the Equitable Life Assurance Society and the Michigan Mutual Life Insurance Company, which defendant insists should be taken into account in determining its liability, was life insurance, and this provision of the policy imposed no obligation upon the insured to give notice of its existence.

The policy here involved, and under which defendant seeks to bring in these life insurance policies as a basis for an apportionment of its liability is not, to the extent that it insures the life of Harris W. Rimmer, a contract

of indemnity. That is an agreement to pay a fixed sum in the event of death, and is life insurance upon which the *pro rating* clause cannot operate to diminish the amount of insurance. *Wahl* v. *Interstate Business Men's Acc. Assn., supra.*

(4) It is unnecessary to pass upon the question as to whether an insurance company issuing policies intended to indemnify against injury from accident, or sickness, may not include such a provision for its protection against fraud where the parties obtain over-insurance. Without a statute forbidding such a provision it would be enforceable as against all kinds of insurance. *Dustin* v. *Interstate Business Men's Acc. Assn.,* L. R. A. 1917B, 319. But we have a supervening statute that affects all policies of insurance on life, and forbids the insertion of a provision in an insurance policy making the settlement of life insurance dependent upon extrinsic facts.

Chapter 457, Acts of 1907, requires that all policies shall constitute the entire contract of insurance and shall be correctly described by a title appearing on the face and back of the policy. The Act further provides:

"Sec. 2. That no policy of life insurance in form other than prescribed in section 1 shall be issued or delivered in this State . . . if it contains any of the following provisions:

"4. A provision for any mode of settlement at maturity of less value than the amount insured by the policy, plus dividend additions, if any, less any indebtedness to the company on the policy and less any premium that may by the terms of the policy be deducted, payments to be made in accordance with the terms of the policy."

This is followed by section 6 which provides "that this Act shall not apply to annuities, industrial policies, or

to corporations or associations operating on the assessment or fraternal plan.''

(5)    The provision of the statute excluding by express reference annuities, industrial policies, and associations operating on the assessment or fraternal plan implies inclusion of all forms of insurance payable upon the death of the insured, and affects all policies of insurance on life without regard to its characterization by the company issuing them.    This Act intended to provide for standard provisions and conditions in policies of life insurance embraces all policies providing for payment of a given sum contingent upon the death of the person insured without regard to whether death resulted from natural or accidental causes.

It is required that the policy constitute the entire contract between the parties and the Act forbids any provision authorizing a settlement of the insurance for less value than the amount insured by the policy.

The policy issued by the defendant insured Harris W. Rimmer in the sum of $5000 payable upon proof of death by accident.    The paragraph of the policy relied upon by the defendant provides for a settlement at less value than the amount of insurance stated in the policy. It makes the determination of the amount of insurance dependent altogether upon extraneous facts, open to dispute, and calculated to bring about controversy, invites litigation and delays settlement.    While it is true that the insured might look to the policy, coupled with extraneous facts, and determine the amount payable under the policy, his determination of the amount of insurance would be dependent upon his conception of the extraneous circumstances, while the company might con-

ceive another, a situation the statute was designed to avoid.

As we view the provisions of our statute, the Legislature intended that the insurance policy should show on its face the amount of insurance payable upon death, and not subject to alteration by a provision of the policy that would leave this essential element of the contract open to dispute.

We conclude, therefore, that the Court of Appeals committed no error in holding that paragraph 17 of the policy provides for a mode of settlement of less value than the amount insured by the policy, and that the provision violates the statute, and is for that reason void.