**ÆTNA LIFE INS. CO. v. HOOKER.**

No. 6059.

Circuit Court of Appeals, Sixth Circuit.

Jan. 16, 1933.

Ben Goodman, Jr., of Memphis, Tenn. (Julian C. Wilson, Walter P. Armstrong, and George J. Leftwich, Jr., all of Memphis, Tenn., on the brief), for appellant.

W. H. Borsje, of Memphis, Tenn. (Chas. M. Bryan and Miles, Waring & Walker, all of Memphis, Tenn., on the brief), for appellee.

Before MOORMAN, HICKENLOOPER, and SIMONS, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Appellee, hereinafter referred to as plaintiff, recovered a judgment in the court below upon a policy of life insurance written by appellant upon the life of Raymond B. Sutton, a resident of Tennessee, now deceased. The statutes of Tennessee prohibit the issue of a policy of life insurance in that state except it contain "a provision that the policy * * * shall be incontestable after two years from its date, except for nonpayment of premiums and except for violations of the conditions of the policy relating to naval and military services in time of war." Tennessee Acts of 1907, c. 457, § 1, subd. 3, pp. 1529, 1530. This period of two years had expired before suit was instituted. Notwithstanding this, the defendant pleaded that the policy had not in fact been procured by Sutton and made the subject of bona fide assignment to plaintiff, but that plaintiff, knowing Sutton to be suffering from tuberculosis in an advanced stage, and to be uninsurable, had entered into an agreement with him to defraud the insurance company by the procurement of a policy of life insurance upon the life of Sutton, payable to his executors, administrators, or assigns, and by the assignment of such policy, when issued, to plaintiff, who was to pay all premiums and expenses and to have the sole interest in and benefit to any sums paid thereunder upon death; that the plaintiff had no insurable interest in the life of Sutton, and that the policy was therefore wholly void as a gambling or wagering contract. Tennessee Code, 1932, §§ 7812, 11275. A demurrer was filed to these pleas and was sustained. The defendant not desiring to plead further, judgment was entered for the plaintiff and defendant appeals.

Prior to the passage of the act of 1907 requiring the insertion in every policy of an incontestable clause, and although there was then no statutory obligation so to do, it had been the custom of some companies to insert such provisions in their Tennessee policies. One of these policies came before the Supreme Court of Tennessee in Clement v. N. Y. Life Insurance Co., 101 Tenn. 22, 46 S. W. 561, 42 L. R. A. 247, 70 Am. St. Rep. 650, and that court construed the incontestable clause as not precluding the defenses here raised. This case, although decided before the passage of the 1907 act, was, we think, in substance and effect a construction by the highest court of the state of the meaning intended by use in that act of the word "incontestable." This word had become a word of art, having a technical and limited mean-

ing, and we think that the Legislature must be presumed to have had knowledge of the fact of the earlier judicial definition, and to have intended that the language used in the act should be given exactly the same construction.

■ But were we to consider the question anew, we should arrive at the same result as the Supreme Court of Tennessee, and by substantially the same reasoning. The incontestable clause refers to contest or defense as against the beneficiary or the bona fide assignee of a policy. It is the policy itself which is made incontestable for any reason except those stated, not the right of a particular plaintiff to recover, regardless of his interest in or title to the policy or the proceeds thereof in the event of death. Here the defenses are in substance and effect a denial of the allegations upon which the plaintiff's right of action is founded, viz., that the decedent, Sutton, procured the insurance and that the policy, when issued, was validly assigned to the plaintiff. The defense is that the plaintiff, who had no insurable interest, and not the decedent, procured the policy, and that it was never assigned in good faith to plaintiff. Conceding, as must be conceded upon demurrer, the truth of the allegations of these pleas, it is apparent that from either viewpoint the defense is good. The insured was but a tool, and his acts in signing the application and receiving the policy were not performed in his own interest and for his own benefit, but solely as agent of the plaintiff. Similarly, the assignment was not in good faith, but in furtherance of the initial fraud which colored and invalidated all subsequent proceedings. Cf. New York Life Ins. Co. v. Gay (C. C. A.) 36 F.(2d) 634, 638. The defense is merely a denial of the plaintiff's right to recover, as plaintiff, not the assertion of the invalidity of the policy.

■ In the case of Clement v. Ins. Co., supra, the court said (page 34 of 101 Tenn., 46 S. W. 561, 564, 42 L. R. A. 247, 70 Am. St. Rep. 650): "If this transfer is not authorized by the policy or by any rule of law, or is opposed to any sound ground of public policy, we cannot see that such infirmity can be in any way cured by the provision not to contest. That provision relates to the issuance of the policy and the representations made to obtain it, and not to any subsequent transfer, disposition, or assignment of the policy." Again, at page 37 of 101 Tenn., 46 S. W. 561, 565, 42 L. R. A. 247, 70 Am. St. Rep. 650, the court said: "While we think the party procuring a policy is entitled to rely upon a pro-

vision against contest, and may transfer this right to any one, whether having an insurable interest or not, provided he takes in good faith, we can see no reason for extending the benefit to one who, by fraud, commenced before and consummated after the policy issues (by means of an unauthorized and illegal transfer), seeks to reap the same benefit. This would be to allow an easy evasion of the rule against the validity of wagering contracts." With these statements of the applicable law we wholly agree: The mere fact that an issued policy may be validly assigned to one not having an insurable interest (Grigsby v. Russell, 222 U. S. 149, 156, 32 S. Ct. 58, 56 L. Ed. 133, 36 L. R. A. (N. S.) 642, Ann. Cas. 1913B, 863) has no legal significance in determining whether the policy was initially procured by one without such insurable interest or whether the plaintiff in an action upon such policy holds by valid assignment.

For the foregoing reasons the judgment of the court below is reversed and the cause is remanded for a new trial.