INTERSTATE LIFE & ACCIDENT CO. *v.* HUNT.

(*Nashville,* December Term, 1936.)

Opinion filed January 30, 1937.

TRABUE, HUME & ARMISTEAD, GEORGE GALE, and REBER BOULT, all of Nashville, for plaintiff in error.

BAXTER CATO, of Nashville, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

This suit was brought by Georgia Webb to recover $750 on an accident and sickness insurance policy issued to her husband, John Webb, on August 11, 1911, by the Interstate Life & Accident Company and naming her as beneficiary. John Webb died on August 31, 1931,

as the result of an accident. Georgia Webb died before the trial, and the suit was revived in the name of her administrator, Jeff Hunt.

Proof of death of the insured was made to the company on October 1, 1931, and liability denied. No action was brought on the policy until this suit was instituted on June 30, 1934, two years and ten months after the filing of the proof of death.

The policy provides: "No action at law or in equity shall be commenced within three months nor after twelve months from date of filing proofs. Any provision of this paragraph in conflict with the law of the State in which this policy is issued shall be held to be amended to conform with such law."

The company by special plea set up by way of defense the above contractual limitation on the right of action on the policy.

The General Assembly of Tennessee enacted chapter 457, Acts 1907, the caption of which is as follows:

"An Act to be entitled An Act establishing standard provisions and conditions to be contained in policies of life insurance issued by companies organized under the laws of this State and companies licensed to do business in this State."

Section 1 of this act (Code, sec. 6179), provides, in substance, that no policy of life insurance shall be issued in this State unless the same shall contain the fourteen provisions set forth in this section.

Section 2 of the act (Code, sec. 6180), provides:

"That no policy of life insurance in form other than as prescribed in Section 1 shall be issued or delivered in this State or be issued by a life insurance company

organized under the laws of this State if it contain any of the following provisions: . . .

"2. A provision limiting the time within which any action at law or in equity may be commenced to less than five years after the cause of action shall accrue."

Section 6 of said act is as follows:

"That this Act shall not apply to annuities, industrial policies, or to corporations or associations operating on the assessment or fraternal plan."

The trial judge overruled the company's special plea and rendered judgment for the plaintiff for the principal sum of the policy, together with interest from April 4, 1932. The company appealed the case to the Court of Appeals, and that court affirmed the judgment of the trial court. Thereupon the company filed its petition for *certiorari* in this court and assigned errors. *Certiorari* has heretofore been granted and the case set down for argument.

The one question presented for determination is whether or not chapter 457, Acts 1907, has application to policies of accident insurance. If it does so apply, then the contractual period of limitation is void.

The subject of the 1907 legislation, as declared in its caption, was to establish "standard provisions and conditions to be contained in policies of life insurance." Nowhere in the act is accident insurance referred to. The provisions of the act itself indicate that accident insurance could not have been in the contemplation of the Legislature. A consideration of the provisions required by the act to be incorporated in policies of life insurance discloses that such provisions, in the main, are on their face inapplicable to accident insurance. The same is true of the provisions forbidden by section 2 of

the act, except subdivision 2 dealing with limitation of actions.

In *Provident L. & A. Ins. Co.* v. *Rimmer*, 157 Tenn., 597, 12 S. W. (2d), 365, 367, the suit was on an accident policy. Both parties assigned errors upon the action of the Courts of Appeals in determining the effect of the answer of the insured to question 10 of the application, which was as follows: "Q. What accident or health insurance have you in other companies or associations? A. Hartford & Mass. Protective Associations." It appears that when the application was made Rimmer carried life insurance with the Equitable Life Assurance Society for $10,000, payable upon proof of death, with a provision that upon death by accident the amount of the insurance payable would be increased to $20,000. The plaintiff insisted that this was life insurance, a disclosure of which was not called for in question 10, while the defendant insisted that it was accident insurance that should have been disclosed. The Court of Appeals held that the defendant waived the defense that might have arisen on the incomplete answer. This court said:

"The court might have gone further and held that the failure of the applicant to characterize the insurance in the Equitable Life Assurance Society as accident insurance did not constitute a false answer to the inquiry of what accident or health insurance he was carrying. The policy in the Equitable Life Assurance Society covered loss of life from natural as well as external and accidental causes, and was life insurance. The mere addition of the double indemnity clause providing for increased insurance upon proof of death by accident did not divest the policy of its character of insurance on life, or make the contract other than life insurance, for insurance on

life includes all policies of insurance in which the payment of the insurance money is contingent upon the loss of life.''

The company claimed that it should be held liable only for such portion of the indemnity promised as the said indemnity bore to the total of like indemnity in all policies covering such loss. The court held that the prorating clause of the policy could not operate on a policy of life insurance to diminish the amount of insurance because of subdivision 4 of section 2 of the Act of 1907 (Code 1932, sec. 6180, subd. 4), which forbids a provision for any mode of settlement at maturity of less than the amount insured by the policy.

In *Lamar Life Ins. Co.* v. *Culp,* 168 Tenn., 332, 78 S. W. (2d), 56, 58, the bill sought a cancellation of an ordinary life policy because the insured in his application, among other things, failed to disclose an accident policy. The court said as to this: ''A general question concerning other existing insurance does not call for disclosure of existing accident insurance. 37 C. J., 469.'' After quoting from *Provident L. & A. Ins. Co.* v. *Rimmer,* the same matter heretofore quoted herein, it was said that while both life and accident policies ''are technically insurance, there are many distinguishing characteristics between them, and in common parlance one does not refer to his accident policy as life insurance. For example, in Corpus Juris they are treated as different subjects.''

█ Considering the distinguishing characteristics between life insurance and accident insurance, which must have been understood by the Legislature, we are unable to agree that the Legislature intended to embrace accident insurance policies in the provisions of chapter 457, Acts 1907. The provisions themselves, it seems to us,

negative the suggestion that accident insurance was intended to be included in the act.

■ It is argued on behalf of defendant in error that the exceptions to the act, contained in section 6, must be construed as excluding by necessary implication all other exceptions. This is undoubtedly the general rule of construction. *National Life & Acc. Ins. Co. v. Dempster,* 168 Tenn., 446, 79 S. W. (2d), 564. The rule, however, cannot be so applied as to bring within the act something not embraced within its terms.

■ Our conclusion is that the trial court and the Court of Appeals were in error in failing to sustain the company's plea of the contractual period of limitation contained in the policy. The judgment in favor of the administrator must be reversed and the case dismissed, at his cost.

CHAMBLISS, J., not participating.

ON PETITION TO REHEAR.

MR. JUSTICE DEHAVEN delivered the opinion of the Court on Petition to Rehear.

■ ■ The questions made in the petition to rehear were all carefully considered on the decision of the case. To again discuss these questions would be but a repetition of what we have already said. It is pointed out that section 6 of chapter 457, Acts 1907, was amended by section 6184 of the Code of 1932 so as to include in the exception from the operation of the act "industrial accident" policies. As stated in the opinion of the court, exceptions to the act must be construed as excluding by necessary implication all other exceptions, but it was

pointed out that this rule cannot be so applied as to bring within the act something not embraced within its terms.

The act of 1907, here in question, in both its caption and provisions, deals alone with life insurance. This is shown by the express terms of the act and by the inapplicability of its requirements to any other kind of insurance. The amendment excepting industrial accident policies, made twenty-four years after the adoption of the original act, cannot be construed as putting into the act by implication something that is not there. As said in Batcheller-Durkee v. Batcheller, 39 R. I., 45, 97 A., 378, 383, L. R. A., 1916E, 545, 552, "An exception relates only to that to which it is made, and can exclude nothing which was not contained therein before the exception was made." Accident policies not being within the purview of the act of 1907 there was no foundation for the exception of industrial accident policies from the operation of the act, as attempted by the later act. Legislative interpretation of a prior statute is entitled to respectful consideration, but is not controlling on the courts.

The petition to rehear must be overruled.