Aᴍᴇʀɪᴄᴀɴ Tʀᴜꜱᴛ & Bᴀɴᴋɪɴɢ Co. *v.* Lᴇꜱꜱʟʏ *et al.*

(*Jackson*, April Term, 1937.)

Opinion filed June 18, 1937.

562.

MILLER, MILLER & MARTIN, of Chattanooga, for complainant.

C. A. NOONE, of Chattanooga, for adult appellants.

STRANG, FLETCHER & CARRIGER, of Chattanooga, for Elizabeth Balfour Lessly.

CHAS. L. CLAUNCH, of Chattanooga, for James David Keith, Lucile Lessly Miller, and Paisley P. Brown, minors.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

The only question presented by this petition for *certiorari* is whether the proceeds of a policy of insurance against death by accident inures to the benefit of the widow of the insured, free from insured's debts and not assets of his estate under section 8456 of the Code. The chancellor and the Court of Appeals held that the proceeds of such policy did pass to the widow of the insured under the provisions of the section of the Code cited.

This conclusion is challenged. Petitioners rely on the decisions of this court in *Lamar Life Insurance Co.* v.

*Culp,* 168 Tenn., 332, 78 S. W. (2d), 56, and *Interstate Life & Accident Co.* v. *Hunt,* 171 Tenn., 119, 100 S. W. (2d), 987.

In the former case the court held that an applicant for life insurance, when asked to name the companies in which his life was insured, was not required to disclose an accident policy. The court said that a general question concerning other existing life insurance did not call for a disclosure of existing accident insurance. The court was considering the meaning of language used in an application prepared by a life insurance company and merely concluded that the term "life insurance" as there used meant life insurance in its conventional sense, not life insurance in its broad sense.

So in the second case cited the court was construing chapter 457 of the Acts of 1907, an act establishing standard provisions and conditions to be contained in policies of life insurance. An examination of the statute convinced the court that its terms excluded policies of accident insurance.

Section 8456 of the Code is as follows:

"Any life insurance effected by a husband on his own life shall, in case of his death, inure to the benefit of his widow and children; and the money thence arising shall be divided between them according to the statutes of distribution, without being in any manner subject to the debts of the husband."

■ Undoubtedly, in its broader sense, the term "life insurance" may include accident insurance. *Provident L. & A. Ins. Co.* v. *Rimmer,* 157 Tenn., 597, 12 S. W. (2d), 365. One of the risks assumed in accident insurance is death of the insured by accident. The risk assumed in

conventional life insurance is death of the insured from any cause. Life is insured under either contract.

It will be observed that section 8456 of the Code provides that "any life insurance" shall inure to the benefit of the widow and children. The word "any" must be given some meaning.

This court has repeatedly declared that the statute under consideration is to be liberally construed. *Rose* v. *Wortham*, 95 Tenn., 505, 32 S. W., 458, 30 L. R. A., 609, and cases cited. The statute is said to be one which "ought to be so construed as to advance the remedy the legislature intended to afford." *Harvey, Adm'r,* v. *Harrison*, 89 Tenn., 470, 14 S. W., 1083, 1085.

The object of this statute was to enable a husband, when death deprived wife and children of his support, to secure them from want and to prevent them from becoming a charge upon the public. Necessities of the wife and children and the public interest are none the less if the death of the husband be brought about by accident rather than disease. The intent of the Legislature in the enactment of this statute would not be advanced by the construction of the law upon which the petitioners insist.

For the reasons stated, the petition for *certiorari* is denied.