The EQUITABLE LIFE ASSURANCE
COMPANY OF the UNITED
STATES, Petitioner,

v.

Penny E. ODLE, Respondent.

Supreme Court of Tennessee.

March 14, 1977.

Jesse E. Johnson, Jr., Joe M. Duncan, Burch, Porter & Johnson, Memphis, for petitioner.

Charles M. Crump, Larry B. Creson, Jr., Apperson, Crump, Duzane & Maxwell, Memphis, Manuel M. Gorman, Vice President and Gen. Counsel, American Life Ins. Ass'n, Washington, D. C., for American Life Ins. Ass'n, amicus curiae.

Vern F. Chumney, Memphis, for respondent.

Milton P. Rice, Nashville, for Tennessee Life Ins. Companies.

Dan H. Elrod, Nashville, amicus curiae.

## OPINION

FONES, Justice.

The issue in this Court is whether group accidental death and dismemberment policies are group life insurance policies within the contemplation of T.C.A. § 56–1141 and thus required to provide conversion privileges and extended benefit privileges following termination of employment.

Defendant issued two policies of group insurance to I T & T Corporation. Policy # 13160 provided group life insurance and policy # 13160D provided accidental death

and dismemberment benefits to said employees. The face amount of coverage in each policy was $4,000.

Plaintiff was an employee of I T & T and as such was afforded coverage under the two (2) group policies. In the present posture of the case, it is established that his employment with I T & T was terminated on 2 February, 1972, and that his accidental death occurred on 19 February, 1972.

The group life policy, # 13160, allowed conversion to an individual life policy within thirty-one (31) days after termination of employment and also provided that if death occurred within the thirty-one (31) day period after termination, the life insurance benefits would be paid under the group policy. Both of these provisions are mandated by T.C.A. § 56–1141, for inclusion in "group life insurance" policies. Defendant has paid the amount due by the terms of the group life insurance policy and no controversy remains with respect to it.

The group accidental death and dismemberment policy, # 13160D, expressly provided that the insurance coverage ceased automatically upon termination of employment. No conversion privilege or extended benefit provision was written into the accident policy and the single issue before this Court is whether T.C.A. § 56–1141 mandates such provisions for accidental death and dismemberment policies.

The Court of Appeals affirming the result reached in the trial court, said the ultimate issue was whether accidental death and dismemberment insurance is "group life insurance" under the Code. Resorting to the definition of life insurance in T.C.A. § 56–218, they held that the statutory language and the holding of *Provident L & A Ins. Co. v. Simmer*, 157 Tenn. 597, 12 S.W.2d 365 (1928) embraces accidental death policies; that although T.C.A. § 56–1141 makes no specific mention of group accidental death and dismemberment insurance, such insurance is included within the term "group life insurance" because of T.C.A. § 56–218 and *Simmer*.

We disagree.

If the issue we confront was correctly conceived by the Court of Appeals, there remains a serious question whether the Legislature intended the definitions in T.C.A. § 56–218 to apply to Chapter 11 of Title 56. It appears reasonable to conclude that the Legislature was concerned only with defining all of the *kinds* of insurance in the context of determining insurance company qualifications to insure and the granting of authority to engage in writing one *or more kinds* of insurance.

■ However, it is unnecessary to base our decision on the premise that T.C.A. § 56–218 does not apply because in our opinion the definition of life insurance therein does not embrace accidental death insurance. Such insurance falls squarely within the definition of "disability insurance" in T.C.A. § 56–218 and not "life insurance" as defined therein.

The statute defines the two kinds of insurance as follows:

"56–218. *Definitions of kinds of insurance.*—Kinds of insurance shall be defined, as follows:

LIFE INSURANCE. 'Life insurance' is insurance on human lives and insurance appertaining thereto or connected therewith. For the purposes of this code, the transacting of life insurance includes the granting of annuities and endowment benefits, additional benefits in event of death by accident or accidental means, additional benefits in event of the total and permanent disability of the insured, and optional modes of settlement of proceeds.

. . . . .

DISABILITY INSURANCE.

'Disability insurance' is an insurance against bodily injury, disablement or death by accident or accidental means or the expense thereof, against disablement or expense resulting from sickness, and every insurance appertaining thereto."

■ As we construe the Code definition of life insurance, the basic requirement is

that it primarily insure human lives; that secondarily it retains its character as life insurance even though other coverage is included, such as the granting of annuities, endowment benefits, accidental death benefits and permanent disability benefits. We reject an interpretation that any of these additional features, alone or in any combination forming the basic coverage of an insurance policy are to be characterized as "life insurance" under the Code, unless the basic coverage is insurance on a human life, not limited to accidental death.

In this case we are dealing with two separate policies. Policy # 13160 is clearly a life insurance policy as so defined in T.C.A. § 56–218. The second policy, # 13160D, provides coverage only in case of disability or death by accident or accidental means and is clearly within the definition of disability insurance in said section.

■ By its terms, T.C.A. § 56–1141 is limited to "group life insurance" which does not include group disability insurance as defined in Chapter 2 to Title 56. Parenthetically, it is axiomatic that the addition of the word group does not change the character of the kind of insurance issued. If the Legislature had intended to make T.C.A. § 56–1141 applicable to group disability policies insuring accidental death and dismemberment it should have expressly said so. Assuming without deciding that the definitions in T.C.A. § 56–218 have no relevance to T.C.A. § 56–1141, the following reasoning reaches the same result.

■ This Court in *Interstate Life and Accident Co., Inc. v. Hunt,* 171 Tenn. 119, 100 S.W.2d 987, 102 S.W.2d 55 (1937), rejected plaintiff's insistence that accident insurance was included within the meaning of life insurance as that term was used in Chapter 457, Public Acts of 1907. Said Acts also contained mandatory provisions to be included in all life insurance policies issued in this State. The Legislature is presumed to have knowledge of the state of the law on the subject under consideration at the time it enacts legislation. *Aetna Life Ins.*

*Co. v. Hooker,* 62 F.2d 805 (6th Cir.) (1933); cf. *Flynn v. Camp,* 225 Tenn. 462, 470 S.W.2d 347 (1971); *McKinney v. Hardwick Clothes, Inc.,* 217 Tenn. 457, 398 S.W.2d 265 (1966). Thus, in enacting T.C.A. § 56–1141 as Chapter 122, Public Acts 1957, its failure to make specific reference to group accident death insurance or disability insurance requires that this Court hold the act inapplicable to such insurance.

We think that our interpretation of both statutes as hereinabove indicated is strengthened by the limitation on the conversion privilege contained in T.C.A. § 56–1141(1). Said sub-section provides, in effect, that where group coverage ceases because of termination of employment, the employee should be entitled to an individual policy of life insurance, "without disability or other supplementary benefits." We construe this limitation to mean that even though the basic coverage of the group policy is life insurance, if the group life insurance policy has additional features such as accidental death and dismemberment benefits, those additional features would be excluded from the individual policy. Obviously, in the situation presented in this case, where accidental death coverage is in a separate policy from the life insurance, it would be inappropriate to write into the statute language that would result in providing plaintiff with accidental death coverage, that is expressly excluded had the same total coverage appeared in one policy.

We deem it unnecessary to address other principles of statutory construction relied upon by defendants which may be equally meritorious.

The judgment of the Court of Appeals is reversed and the case is dismissed. Costs are adjudged against plaintiff, Odle.

COOPER, C. J., and HENRY, BROCK and HARBISON, JJ., concur.