Tennessee Coal, Iron & R. Co. v. Hooper.

TENNESSEE COAL, IRON & R. Co. *v.* HOOPER.*

(*Nashville.* December Term, 1914.)

1. **MASTER AND SERVANT.** Injuries to servant. Liability of master. Statute.

Under Acts 1903, ch. 237, requiring mine operators to employ foremen possessing specified qualifications, and providing that the foremen shall not be subject to the control of the operators in the performance of their statutory duties, an operator is not liable for the negligence of a foreman in the performance of such duties. (*Post, pp.* 613, 614.)

Acts cited and construed: Acts 1903, ch. 237.

Case cited and distinguished: Coal & Coke Co. v. Priddy, 117 Tenn., 169.

2. **STATUTES.** Amendment. Effect of invalidity.

Since Acts 1907, ch. 540, amending Acts 1903, ch. 237, so as to declare that a mine foreman is the agent of the operator in the performance of the duties required by the former statute, was not passed in the manner required by the constitution, the provisions of the former act under which the operator was not liable for the negligence of the foreman are still in effect. (*Post, pp.* 614-616.)

Acts cited and construed: Acts 1903, ch. 237; Acts 1907, ch. 540.

Case cited and approved: Roane Iron Co. v. Francis, 130 Tenn., 694.

ON REHEARING.

3. **STATUTES.** Enactment. Readings.

The fact that the bill which subsequently became Acts 1903, ch. 237, was substituted by the senate for another bill which had

---

*The authorities on the question of liability of master for negligence of supervising employee employed pursuant to statute are presented in a note in 40 L. R. A. (N. S.), 945. As to statutory liability of employers for negligence of superintendents while participating in the work, see notes in 16 L. R. A. (N. S.), 601 and 21 L. R. A. (N. S.), 601. And as to liability of master for negligence of supervising employee in mine for acts done outside the scope of his statutory duty, see note in 48 L. R. A. (N. S.), 938.

passed two readings, and the substituted bill was passed on only one reading, does not make the act unconstitutional as not having passed three readings. (*Post, p.* 616.)

Cases cited and approved:  Railroad v. Memphis, 126 Tenn., 292; Archibald v. Clark, 112 Tenn., 532.

**4. STATUTES. Enactment. Change of title. Materiality.**

Where the bill, which subsequently became Acts 1903, ch. 237, entitled "An act to provide for the regulation and inspection of mines in this State, and for the safety, welfare, and protection of persons employed therein. . . . providing for penalties for violations of this act" was substituted on the third reading for a bill, entitled "an act to provide for the inspection and safe operation of coal mines and other mines, to protect the health and safety of persons in and about the mines of this State; for the protection of property connected therewith, and fixing the penalty for the violation of this act and to repeal all laws in conflict with this act," the changes in the title were not so material as to make it unconstitutional, since the word "regulate" in the substituted title was sufficient to cover all the matters omitted from the original title. (*Post, pp.* 616-619.)

Cases cited and distinguished:  Erwin v. State, 116 Tenn., 79; State, ex rel., v. Baseball Club, 127 Tenn., 292.

**5. STATUTES.  Title.  Liability of mine owner.**

The title to Acts 1903, ch. 237, "An act to provide for the regulation and inspection of mines in this State, and for the safety, welfare and protection of persons employed therein," is sufficient to include the provisions of that bill relieving the owner of a mine in part from liability for the negligence of a foreman and making the foreman criminally responsible, since the legislature might consider that provision to be the most effective method of promoting the safety of the men employed therein. (*Post, p.* 619.)

FROM MARION.

Tennessee Coal, Iron & R. Co. v. Hooper.

Appeal from the Circuit Court of Marion county to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court.—NATHAN BUCKMAN, Judge.

SPEARS & SPEARS, for plaintiffs in error.

JNO. T. RAULSTON, for defendant in error.

MR. JUSTICE GREEN delivered the opinion of the Court.

In this case, Hooper, a miner, recovered a judgment for damages for personal injuries sustained while working in a mine of the Tennessee Coal, Iron & Railroad Company. This judgment was affirmed by the court of civil appeals, and a petition for *certiorari* has been granted.

The judgment was founded on the alleged failure of defendant below to keep the slate and rock overhead an entry in one of its mines removed or propped or secured against falling. Hooper was injured by a fall of slate.

Under chapter 237, Acts of 1903, the mine foreman is charged with the duty of keeping watch over entries and traveling ways so that, as the miners advance their excavations, all dangerous coal, slate, or rock overhead is taken down or secured against falling. This statute prescribes the qualifications of mine foremen, compels the operator to employ them, and further provides that such foremen shall not be subject to the control of the operator or owner in the discharge of their statutory duties. The performance of these du-

ties is secured by the imposition of a fine and imprisonment upon any foreman who neglects them.

Construing this act in the case of *Coal & Coke Co.* v. *Priddy,* 117 Tenn., 169, 96 S. W., 618, this court held that by reason of the provision which deprived the owner of control of the foreman, the owner was not liable for the negligence of such foreman. The court said:

"The relation of master and servant as to the duty referred to did not exist between the foreman and the owner. To the existence of that relation it is essential that the master shall not only have control of the thing to be done, but also direction of the manner of its doing. It would be unreasonable and against conscience to hold him responsible for the consequences of an act, the doing of which had been, by express provision of law, placed beyond his control." *Coal & Coke Co.* v. *Priddy,* 117 Tenn., 169, 96 S. W., 610.

Chapter 237 of the Acts of 1903 was amended by chapter 540 of the Acts of 1907. In the latter act it was declared, among other things, that the mine foreman should be considered the agent and representative of the operator or owner of the mine in the discharge of the duties required of said foreman by the act.

The negligence proven in this suit was the negligence of the mine foreman, and the lower courts, supposing chapter 540, Acts of 1907, to be a valid statute, consequently held the mine owner liable.

In the recent case of *Roane Iron Co.* v. *Francis,* 130 Tenn., 694, 172 S. W., 816, we were forced to declare

the amendatory act of 1907 invalid by reason of the failure of the legislature to observe constitutional requirements in the manner of its passage.

The amendment being invalid, the provisions of the original act as construed by this court in *Coal & Coke Co.* v. *Priddy*, supra, should have controlled this case. The mine owner was not liable for the injuries sustained by plaintiff below, inasmuch as the negligence averred and proven was the negligence of the mine foreman.

The judgment of the court of civil appeals, and of the circuit court must accordingly be reversed. The motion for peremptory instructions should have been sustained and the suit dismissed.

## ON REHEARING.

The case is before us on a petition to rehear.

At a former date of the term, we reversed the judgment of the lower courts, in which a recovery had been obtained by the complainant below for injuries received by him, as a result of the negligence of a mine foreman. Having held at the Knoxville term, 1913, that chapter 540 of the Acts of 1907, which made the mine owner responsible for the negligence of the mine foreman, was unconstitutional, it resulted that there could be no recovery by Hooper on account of the provisions of chapter 237 of the Acts of 1903, which act in effect relieved the mine owner of responsibility for the negligence of the mine foreman. *Coal & Coke Co.* v. *Priddy*, 117 Tenn., 168, 96 S. W., 610.

This petition to rehear proceeds on the theory·that the act of 1903 is unconstitutional, and that the owner's liability is therefore to be measured by the common law and our earlier mining statutes.

It is said that the bill, which became the act of 1903, did not pass three readings in the senate, that the caption of the bill is not broad enough to cover the provisions relieving the owner of liability for the acts of the foreman, and that such provisions are in conflict with the title of the act.

In the first place, it is argued that the bill passed by the senate was substituted for another bill, which had passed two readings and the substituted bill only passed one reading. This objection is not well taken, for such practice has been held permissible by this court. *Railroad* v. *Memphis,* 126 Tenn., 292, 148 S. W., 662, 41 L. R. A. (N. S.), 828, Ann. Cas., 1913E, 153; *Archibald* v. *Clark,* 112 Tenn., 532, 82 S. W., 310.

It is further contended that the·caption of the substituted bill radically differed from the caption of the original bill and the doctrine of *Erwin* v. *State,* 116 Tenn., 79, 93 S. W., 73, is invoked.

| The caption of the original bill was as follows: | The caption of the substituted bill was in these words: |
|---|---|
| A bill to be entitled, "An act to provide for the inspection and safe operation of coal mines and other mines, to protect the | A bill to be entitled, "An act to provide for the regulation and inspection of mines in this State, and |

health and safety of persons in and about the mines of this State; for the protection of property connected therewith, and fixing the penalty for the violation of this act and to repeal all laws in conflict with this act." for the safety, welfare and protection of persons employed therein, providing for penalties for violation of this act."

The differences in the captions are thus stated by the counsel for petitioner:

"First. The original provides for the inspection and safe operation of coal mines, while the corresponding provision in the substituted bill reads, 'For the regulation and inspection of mines in the State.'

"Second. The caption of the original bill recites one of its purposes to be: 'To protect the health and safety of persons in and about the mines of this State,' while the corresponding provision in the substituted bill reads: 'And for the safety, welfare and protection of persons employed therein.'

"Third. The original bill provides for the protection of property connected therewith [the mines], while there is no corresponding provision in the substituted bill for this.

"Fourth. The caption of the original bill provides for the repealing of all laws that conflict therewith, while there is no corresponding provision in the substituted bill."

We think that the points of difference in the two captions were immaterial and were not effective to change the identity of the bill.

We said in case of *State, ex rel.,* v. *Baseball Club,* 127 Tenn., 292, 154 S. W., 1151, Ann. Cas., 1914B, 1243:

"There may be additions to the caption of matters, germane and explanatory, by way of making the title more definite, which will not change the identity of the bill. If, however, there is added to the caption entirely new and foreign matter, the caption and the bill will lose their identity."

In *Erwin* v. *State,* supra, it was said:

"The title must be a constant quantity, not subject to amendment, or at least not subject to any alteration that will effect any substantial change in it."

We think there is no substantial difference in the title of the bill originally introduced and the substituted bill.

Nothing was added to the title, no new or foreign matter. Certain words and phrases were dropped from the original title, but such elimination did not change the meaning or indicate a different scope of legislation. Only the phraseology of the title was changed. Its import remained the same.

The word "regulation" was added to the new title, and everything omitted from the old title fell under the sweep of that word, including the protection of property connected with the mines to be regulated.

There is no merit in the argument that the title of the act is not broad enough to justify a provision par-

tially relieving the mine owner of common-law liability. Statutes purporting regulation quite commonly modify or repeal the common law. The very purpose of statutory regulation of a business is to prescribe new rules for its conduct.

There is no repugnancy between that portion of the caption indicating an intention to legislate for the safety of the miners and the provisions in the act which mitigate the owner's responsibility. The lawmakers thought that the end desired could be best attained by giving the foreman exclusive control and making him criminally answerable for default. It is not our province to comment on the wisdom of the measure.

There is nothing in the constitutional objections urged against the act of 1903, and the petition to rehear is denied.