JOHNSON v. LIFE & CASUALTY INS. CO.

*(Nashville,* December Term, 1934.)

Opinion filed February 23, 1935.

LUTHER H. GRAVES, of Memphis, for plaintiff in error.

WARING, WALKER & COX, of Memphis, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit upon an industrial insurance policy dismissed in the court below.

The sole question presented upon appeal is the validity of a contractual limitation contained in the policy as to the time in which suit thereupon may be brought. The policy provides: "No suit shall be brought against this company under this policy until sixty days after claim thereon has become due and proof thereon has been duly made nor after six months from that date."

It is insisted that the eight months' limitation thus provided is contrary to the public policy of the state, and should be disregarded by the court.

In *Nashville Railway & Light Co.* v. *Lawson,* 144 Tenn., 78, 229 S. W., 741, the court dealt at length with the matter of the test of the validity of a contract by public policy. It was said that the public policy of the state is to be deduced from the Constitution, statutes, and judicial decisions of the state, and from the common law. The rules announced in that case have not been challenged, although their application to the particular facts then before the court have been subject to some criticism.

Contractual limitations of actions on insurance policies were held valid and enforceable in *Guthrie* v. *Connecticut Indemnity Association,* 101 Tenn., 643, 49 S. W., 829, January 14, 1899.

After this decision, by subdivision 2 of section 2 of chapter 457 of the Acts of 1907, it was forbidden to issue in this state any policy of life insurance containing "a provision limiting the time within which any action at law or in equity may be commenced to less than five years after the cause of action shall accrue."

However, by section 6 of the same statute it was provided: "That this Act shall not apply to annuities, in-

dustrial policies, or to corporations or associations operating on the assessment . . . plan.''

Under *Guthrie* v. *Connecticut Indemnity Association, supra,* the policy of the state as declared by the court permitted contractual limitations generally upon the time in which suit might be brought on life insurance policies. By the act of 1907, such contractual limitations, under five years, were prohibited in standard life insurance policies. But the same act expressly excepted from its operation industrial policies. That is to say, the policy of the state, as announced in *Guthrie* v. *Connecticut Indemnity Association, supra,* was not changed as to industrial policies.

If it were permissible for the court to inquire into the matter, reasons might easily be conceived for the exception of industrial insurance from the provisions of the act of 1907.

The judgment below must be affirmed.