MOORMAN *v.* INTERSTATE LIFE & ACCIDENT CO.

(*Knoxville,* September Term, 1938.)

Opinion filed November 25, 1938.

550

FINLAY & CAMPBELL, of Chattanooga, for plaintiff in error, Interstate Life & Accident Co.

DAVIS, BERKE & JONES, of Chattanooga, Tenn., for defendant in error, Myrtle Moorman.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

On April 13, 1936, the defendant issued an industrial insurance policy to Charlie H. Moorman in the sum of $312, with a provision for the payment of double indemnity in case of accidental death. The insured was accidently killed by electrocution on June 11, 1936.

On June 24, 1936, defendant paid to the plaintiff beneficiary the sum of $317, taking her release, and at the same time denied its liability for the double indemnity.

The suit to recover on the double indemnity provision of the policy was begun in October, 1937.

The defendant invokes the following provision of the policy as a bar to a recovery herein, to wit:

"No suit shall be brought nor action commenced against this Company under this Policy until sixty days after the death of the Insured, nor after twelve months from the date of said death.".

It is conceded that the action was not begun within the twelve months' period, but counsel for plaintiff insist that this was life insurance and under our statutes claimant had five years within which to begin her action. The trial court and the Court of Appeals sustained that contention and rendered a judgment in favor of plaintiff.

The defendant filed its petition for the writ of *certiorari* in this court, which has been granted and argument heard.

The General Assembly of Tennessee enacted Chapter 457, Acts 1907, the caption of which is as follows:

"An Act to be entitled An Act establishing standard provisions and conditions to be contained in policies of life insurance issued by companies organized under the laws of this State and companies licensed to do business in this State."

Section 1 of this Act (Code, section 6179) provides, in substance, that no policy of life insurance shall be issued in this State unless the same shall contain the fourteen provisions set forth in this section.

Section 2 of the Act (Code, section 6180) provides:

"That no policy of life insurance in form other than as prescribed in Section 1 shall be issued or delivered in this State or be issued by a life insurance company organized under the laws of this State if it contain any of the following provisions: . . .

"2. A provision limiting the time within which any action at law or in equity may be commenced to less than five years after the cause of action shall accrue."

Section 6 of said Act is as follows:

"That this Act shall not apply to annuities, industrial policies, or to corporations or associations operating on the assessment or fraternal plan."

Section 6 was incorporated into Shannon's Code (section 3348a13) in the exact language of the original Act, and remained in that form until it was changed by the Code of 1932 (section 6184) so as to read as follows:

"The five sections above shall not apply to annuities, industrial accident and/or health insurance policies, or to corporations or associations operating on the assessment or fraternal plan."

Counsel for plaintiff insist that the section, as amended, does not exclude industrial life insurance, so that the five-year limitation must be read into the policy.

Counsel for defendant contend that it was not the purpose of the Legislature to change the law as to industrial insurance, but its object was to also except accident and health insurance from the provisions of the 1907 Act.

We are fully persuaded that the latter construction meets the legislative intent.

In the first place, the policy of the State for a quarter of a century has been to place industrial insurance in a different class from that of ordinary life insurance. *Johnson* v. *Life & Cas. Ins. Co.,* 168 Tenn., 358, 79 S. W. (2d), 39.

In the second place, we have examined the printed dummy of the 1932 Code, submitted by the Code Commission to the Legislature, in which the involved section is in the exact language of the original Act.

It appears from the report of the joint legislative committee on codification that they made certain changes in the printed dummy, Senate Journal, 1931, page 679; and the change in the section we are considering was evidently made by said joint committee before the Code, Senate Bill 130, was finally passed by the Legislature without any amendments.

We have examined the enrolled draft of the official Code, deposited in the office of the Secretary of State, as provided by section 27 of the Code, from which it appears that the words "accident and/or health insurance" were incorporated with a red pencil. The committee simply took one of the printed dummies and made certain changes therein. Section 6184 appears in the official enrolled draft in this form:

*"No application to annuities, industrial policies, assessment or fraternal insurance.*—The five sections above shall not apply to annuities, industrial [accident and/or health insurance]* policies, or to corporations or associations operating on the assessment or fraternal plan."

By this change the committee did not take anything from the statute, but they simply attempted to add to it by excluding two other classes of insurance from the provisions of the original Act. It will be observed that they made no change in the title of this statute. By adding a comma after the word "industrial," which we think the committee inadvertently failed to do, this section of the Code will express what we conceive to be the legislative purpose.

In the third place, this intent is apparent when read in connection with the following excerpt from the report of the joint committee, Senate Journal, 1931, page 675, to wit:

"After some of the sections of the dummy there appears the word 'modified;' this means that the section as taken from Shannon's Code or the official Code, or the Act from which it was taken, has been changed in some respect."

The word "modified" does not appear after section

---

*These words appear on margin of draft written in red pencil.

6184, so as to indicate a change in the section as it appeared in Shannon's Code or in the original Act. As previously stated, it was not purposed to repeal or modify the original Act, but simply to exclude other classes of insurance from its provisions.

In the fourth place, industrial accident, health and life insurance belong to the same class (31 C. J., 966), and no good reason occurs to us as to why the Legislature should desire to except industrial accident and health insurance from the provisions of the 1907 Act and not except industrial life insurance.

In the fifth place, this court held in *Interstate Life & Accident Co.* v. *Hunt*, 171 Tenn., 119, 100 S. W. (2d), 987, 102 S. W. (2d), 55, that the attempt of the Legislature to except industrial accident insurance from the 1907 Act was ineffectual; and, for the same reason, the attempt to except industrial health insurance would be invalid. So that, with this attempted change in the original Act elided, the original statute remains in force. 59 C. J., 886; *Tennessee Coal, etc., Co.* v. *Hooper,* 131 Tenn., 611, 175 S. W., 1146.

In the sixth place, upon the decision of *Interstate Life & Accident Co.* v. *Hunt, supra,* the Legislature, by Chapter 270, Pub. Acts 1937, amended section 6184 of the Code so as to strike out the words "accident and/or health insurance," and make the statute conform to section 6, Chapter 457, Acts 1907.

Our conclusion is that the Legislature did not intend to repeal section 6 of the Act of 1907, excepting industrial life insurance; hence, the plaintiff's cause of action is barred under the terms of the policy.

It follows that the judgment of the Court of Appeals is reversed and the suit dismissed.