HOME BENEFICIAL ASS'N *v.* WHITE.

(*Nashville*, December Term, 1943.)

Opinion filed February 5, 1944.

B. H. HAGEY, of Nashville, for plaintiff in error.

J. F. DOTY, of Nashville, for defendant in error.

MR. JUSTICE GAILOR delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court of Davidson County against the Home Beneficial Association for $220, which was the face value of a policy of industrial life insurance in which Nora White was beneficiary and her husband, John White, the insured. The suit was commenced by Nora White against the In-

surance Company in the General Sessions Court of David-son County, and from a judgment in that Court for $73.33, one-third of the face value of the policy, the plaintiff appealed to the Circuit Court. In that Court, on the trial *de novo,* which was had on a stipulation of facts, judgment was rendered for the plaintiff for the full value of the policy. After a motion for a new trial was over-ruled, the Insurance Company has perfected its appeal to this Court and made two assignments of error:

(1) That the Circuit Court erred in holding a limitation of liability unreasonable and against public policy, and.

(2) In refusing to reduce the judgment from $220 to $73.33 in accordance with the provisions of that limitation.

The sole question presented on the appeal is whether or not the following clause of the policy is unreasonable and against public policy:

"Section 4. In the event of death resulting wholly or in part, directly or indirectly, from an intentional act of any person other than insured, the company's liability shall be one-third of the amount that otherwise would be payable under the policy."

It is stipulated that John White, the insured, was stabbed to death on the 6th day of March, 1942, and that therefore his death resulted from an intentional act of a person other than the insured, and that his death would so fall within the provision of limitation above quoted.

The policy of insurance involved in this appeal is one of industrial insurance with premiums payable weekly. It was issued by the Lincoln Income Life Insurance Company of Louisville, Kentucky, and the liability assumed by the present defendant. As we see it,

the provision of the policy which is under attack means merely that, if the insured be the victim of an intentional homicide, the beneficiary will be paid only one-third of the face value of the policy.

". . . the policy of the State for a quarter of a century has been to place industrial insurance in a different class from that of ordinary life insurance." *Moorman* v. *Interstate Life & Accident Co.*, 173 Tenn., 549, 552, 121 S. W. (2d), 562, 563.

"It is the function of a court to interpret and enforce contracts as they are written, notwithstanding they may contain terms which may be thought harsh and unjust. A court is not at liberty to make a new contract for parties who have spoken for themselves." *Smithart* v. *Mut. Life Ins. Co.*, 167 Tenn., 513, 525, 71 S. W. (2d), 1059, 1063.

Neither plaintiff nor defendant cites any authority for or against holding the foregoing provision of the policy void as against public policy. The learned Trial Judge found merely the fact without giving reasons and held that the provision "is an unreasonable proviso and against public policy and therefore void."

In the case of the *Nashville Ry. & Light Co.* v. *Lawson,* 144 Tenn., 78, 87, et seq., 229 S. W., 741, this Court discussed at length, and with the citation of many authorities, the grounds upon which a contract may and may not be held void as violative of public policy. From that discussion, it seems clear that the public policy of the State is to be found in its Constitution, its laws, its judicial decisions and the applicable rules of common law. "Public policy" is practically synonymous with "public good," and unless the private contract is in terms of such a character as to tend to harm or injure the public good, public interest or public welfare, or to violate the letter

or the spirit of the Constitution, laws, common and statutory, or judicial decisions of the State, it is not violative of public policy nor void on that account.

''The meaning of the phrase 'public policy' is vague and variable; courts have not defined it, and there is no fixed rule . . . to determine what contracts are repugnant to it. The principle that contracts in contravention of public policy are not enforceable should be applied with caution and only in cases plainly within the reasons on which that doctrine rests. It is only because of the dominant public interest that one who, like respondent, has had the benefit of performance by the other party will be permitted to avoid his own promise.'' *Twin City Pipe Line Co.* v. *Harding Glass Co.*, 283 U. S., 353, 356, 357, 51 S. Ct., 476, 477, 75 L. Ed., 1112, 1116, 83 A. L. R., 1168.

■ A contract may not be held invalid as against public policy unless some definite public detriment will probably result. *Twin City Pipe. Line Co.* v. *Harding Glass Co.*, *supra*, at page 1117; *Steele* v. *Drummond*, 275 U. S., 199, 205, 48 S. Ct., 53, 72 L. Ed., 238, 240.

For example, contracts in consideration of marriage and marriage brokerage contracts are void as against public policy because the institution of marriage has a public interest and is to be protected unconditionally by the Courts. So also, contracts which have as a consideration the election to public office are void because a free and untrammeled exercise of the rights and duties of public office by public officers is a matter of public interest and limiting contracts are therefore void as against that public interest.

The differentiation between the law governing ordinary life insurance and industrial life insurance was pointed

out in a recent opinion of this Court in the case of *Johnson* v. *Life & Casualty Ins. Co.*, 168 Tenn., 358, 79 S. W. (2d), 39, where it was held that the limitation of action, on the policy of industrial insurance there under consideration, to eight months, was reasonable and not against public policy, although limitation of action on policies of ordinary life insurance had a minimum limitation of five years fixed by Chapter 457, Public Acts of 1907.

In the present case it might perhaps be plausibly argued that if a higher price was paid on account of a death by criminal act, that this was an inducement to crime, and so against public policy or public interest, but where the contrary is true, and in the event of death by criminal act a less amount is paid upon the policy, we think it free from objection as being against public policy and holding that the limitation is wholly within the sphere of legitimate private contract. There is no suggestion in the briefs filed here, nor in the decision of the Trial Court, why this limitation offends either the spirit or the letter of the Constitution, the laws, or the former decisions of this Court.

It results that the assignments of error are sustained and the case is reversed and remanded for the entry of a judgment in conformity with this opinion.