**Dr. Clayton CUMMINGS, Plaintiff/Appellee,**

v.

**Dr. James J. VAUGHN, Defendant/Appellant.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 4, 1995.

Application for Permission to Appeal Denied by Supreme Court Nov. 27, 1995.

Charles Patrick Flynn, Michael K. Radford, Flynn & Neenan, Nashville, for Plaintiff/Appellee.

George P. Bailey, Memphis, for Defendant/Appellant.

## OPINION

TODD, Presiding Judge, Middle Section.

The captioned defendant has appealed from a non-jury judgment in favor of the captioned plaintiff in the amount of $41,862 for liquidated damages for violation of a non-compete covenant.

The defendant presents the following issues for review:

1. Whether Chancery Court can rewrite a contract instead of following the plain language of the contract.

2. Since non-competition clauses are not favored in Tennessee, whether or not the non-competition clause will be strictly construed against the party seeking to enforce the clause in the absence of a showing of special facts entitling it to such protection.

3. Whether or not contractual language should be given its usual, natural and ordinary meaning.

4. Whether the Court erred in its construction of the contract.

5. Whether or not the Court erred in finding other violations of the Restrictive Covenant when no evidence to support such a finding was presented.

6. Whether or not any breach of the Restrictive Covenant in question, no matter how slight, would justify an award of Forty One Thousand Eight Hundred Sixty-two Dollars and Forty-eight Cents ($41,862.48), an excessive unconscionable and punitive amount.

Issues numbered 1, 3 and 4 are deemed dispositive of this appeal, and discussion will be confined to their cumulative substance.

■ The record contains no pleadings or transcript, but the memorandum of the Trial Judge states:

This cause came to trial before the Court on July 20, 1994, upon the complaint of the plaintiff, Dr. Clayton Cummings, for compensatory damages, liquidated damages, punitive damages, injunctive relief, and attorneys fees due to defendant's alleged breach of a restrictive covenant.

Defendant James J. Vaughn counterclaims and sues the plaintiff for an accounting of monies, compensatory damages, punitive damages, injunctive relief, and attorneys fees alleging breach of contract and libelous publication.

. . . .

In the latter part of 1990, Dr. Cummings and Dr. Vaughn entered negotiations for the purchase of Dr. Vaughn's dental practice located at 1921 Division Street, Nashville, Tennessee. Pursuant to such a transaction, the parties entered into a series of agreements which included: (1) a Professional Office Sublease dated October 8, 1990; (2) an Agreement for the Transfer of Patient Dental Records dated October 8, 1990; and Office Lease dated October 31, 1990; a Lease Assignment dated October 31, 1990; a Dental Equipment Lease Contract dated November 1, 1990; and a Restrictive Covenant beginning December 1, 1990. A subsequent agreement which superseded and modified the original agreements was entered into by the parties on November 26, 1991, accompanied by full releases executed by each party.

. . . .

As part of a series of documents the parties used to transfer the dental practice, Dr. Vaughn entered into a Restrictive Covenant (the Covenant) which, in pertinent part, provided that Dr. Vaughn would not practice dentistry within a ten mile radius of the Division Street dental office or any other office of Dr. Cummings in which Dr. Vaughn had practiced, for a period of three (3) years from December 1, 1990, with the exception of practice in the military, public health, or dental school clinics.

The Covenant further provided that Dr. Vaughn would not solicit or induce any patients of record of the practice to patronize any other dentist than Dr. Cummings practicing general dentistry. Upon violation of the terms of the Covenant, if any, Dr. Vaughn agreed to pay as liquidated damages to Dr. Cummings, an amount equal to the unpaid balance of the Equipment Lease at the time of such violation plus *forfeit an amount remaining outstanding under the Covenant at the time of said violation.*

. . . .

1. *Whether there was a breach of the Restrictive Covenant.* The parties to this lawsuit, as of November 26, 1991, compromised and settled all their differences via an agreement (the Agreement) (Exhibit # 6) and full releases executed by each party (Exhibits # 8 and # 9), with the sole exception being the Restrictive Covenant which was to remain in effect until December 1, 1993. According to the Agreement, Dr. Vaughn was to continue his obligations under the Covenant. Due to the Agreement, the amount owing to Dr. Cummings for a breach of the Restrictive Covenant would be the amount of Dr. Cummings paid Dr. Vaughn for the Covenant, that is $41,862.48.

The record clearly shows that the defendant, Dr. Vaughn, breached the Restrictive Covenant when he treated a Mr. and Mrs. Sam Davis Bell in their home for dental work in the amount of $800.00. . . .

The appellate record contains Exhibit 6, pertinent portions of which are as follows:

The parties have previously entered into the following agreements:

| | |
|---|---|
| Dental Equipment Lease Contract | Dated November 1, 1990 |
| Restrictive Covenant | Beginning December 1, 1990 |
| Office Lease | Dated October 31, 1990 |
| Professional Office Sublease | Dated October 8, 1990 |
| Agreement for the Transfer of Patient Dental Records | Dated October 8, 1990 |
| Lease Assignment | Dated October 31, 1990 |

to all of which agreements specific reference is here made.

Dr. Cummings has elected to prepay the balances due under the Dental Equipment Lease Contract and the Restrictive Covenant, and the parties have mutually agreed to an early termination of the Professional Office Sublease.

1. The pay-off as of November 1, 1991 according to Exhibit C: Lease Buy–Out Schedule is $42,415.28. Contemporaneous with the execution of this Agreement, Dr. Cummings has paid that amount to Dr. Vaughn, and Dr. Vaughn has executed and delivered to Dr. Cummings a Bill of Sale for the equipment.

2. The pay-off of the Restrictive Covenant as of November 1, 1991 as shown on the Covenant Prepayment Schedule is $41,862.48. Dr. Vaughn acknowledges receipt of that amount as payment in full for the Restrictive Covenant, which continues in force and effect.

It is reasonably apparent from the foregoing that the 1990 agreements of the parties required plaintiff to pay defendant deferred installments on an equipment lease and deferred installments as consideration for the non-compete agreement. It is also apparent that, as part of the 1991 transaction, plaintiff paid to defendant the $42,415.28 in satisfaction of all of the unpaid installments on the equipment lease and $41,862.48 in satisfaction of all the unpaid installments of the consideration for the non-compete agreement.

The memorandum does not state the date the violation of the non-compete agreement, or the resulting damage, if any, but it must be presumed that such date or dates were subsequent to execution of Exhibit 6 in 1991. This being true, at the time of the violation or violations, there was no balance due on either the equipment lease installments or the non-compete covenants installments. Thus, the agreed liquidated damage due for the violation was zero.

The memorandum of the Trial Judge states his reasoning in the following words:

Due to the Agreement, the amount owing to Dr. Cummings for a breach of the Restrictive Covenant ... would be the amount Dr. Cummings paid Dr. Vaughn for the covenant, that is $41,862.48.

The record contains no other explanation of the reasoning of the Trial Judge. There are three possible rationales for his ruling: (1) It is possible that the Trial Judge conceived that the parties intended that, in event of prepayment of the deferred installments, the liquidated damages should be equal to the amount which would have been due if prepayment had not occurred; (2) It is possible that the Trial Judge conceived that, for violation of the covenant, plaintiff was entitled to a refund of the amount paid by him under Exhibit 6; (3) It is possible that the Trial Judge conceived that $41,862.48 was the reasonable amount of actual damages sustained from the breach.

This Court is unable to approve of any of the suggested bases for the judgment of the Trial Court.

The first two are unsound because they represent an impermissible alteration of the contract of the parties.

There is no evidence in this record to support a finding that the intentions of the parties was other than that expressed in their written agreement.

■ Courts are not at liberty to impose contractual liabilities upon the parties not expressly assumed by them.

■ In getting at the intention of the parties to a contract, the court must look to their contract as written. *Petty v. Sloan*, 197 Tenn. 630, 277 S.W.2d 355 (1955).

■ If the language of a contract is clear and unambiguous, it must be construed as written. *Sutton v. First National Bank of Crossville*, Tenn.App.1991, 620 S.W.2d 526 (1981).

■ In the absence of fraud or mistake, a contract must be interpreted and enforced as written. *Home Beneficial Assn. v. White*, 180 Tenn. 585, 177 S.W.2d 545 (1944); *Swanson v. Mid–South Title Ins. Corp.*, Tenn.App. 1984, 692 S.W.2d 415 (1984).

■ The Courts are precluding from making new contracts for the parties. *Central Adjustment Bureau, Inc. v. Ingram*, Tenn. 1984, 678 S.W.2d 28 (1984).

In their original agreement, the parties provided for specific liquidated damages for breach. In their 1991 transaction evidenced by Exhibit 6, the parties obliterated the criteria for the amount of liquidated damages, thereby eliminating a basis for recovery of liquidated damages.

Thus neither of the first two possible rationales can be accepted by this Court.

The third rationale is equally unacceptable to this Court because the memorandum of the Trial Court does not find actual damages, and there is no evidence in the record from which actual damages could be found.

Plaintiff's motion for damages for frivolous appeal is overruled.

The judgment of the Trial Court is reversed and vacated. All costs, including costs of this appeal are taxed against the plaintiff. The cause is remanded to the Trial court for entry and enforcement of judgment in accordance herewith.

Reversed and Remanded.

LEWIS and KOCH, JJ., concur.