IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

June 6, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

KEITH HARDWARE, INC.,   )   C/A NO. 03A01-9610-CH-00339
          )
   Plaintiff-Appellant,   )   WASHINGTON CHANCERY
          )
v.          )   HON. LEWIS W. MAY,
          )   CHANCELLOR
DOUGLAS L. WHITE and wife,   )
CAROLYN L. WHITE,     )
          )
   Defendants-Appellees.   )   REMANDED


M. STANLEY GIVENS, ANDERSON, FUGATE, GIVENS, COUNTS & BELISLE, Johnson City, for Plaintiff-Appellant.

JOHN S. TAYLOR, McKINNON, FOWLER, FOX & TAYLOR, Johnson City, for Defendants-Appellees.


**O P I N I O N**


Franks. J.


  The issue on this interlocutory appeal granted pursuant to T.R.A.P. Rule 9, is whether the lease between the parties is too broad to be enforceable, as was held by the Trial Court.

  Since 1994, appellant has been a tenant in appellees' shopping center, and the lease contains the following clause:

   During the term of this Lease, the Tenant shall have the exclusive and sole right to operate a retail store in the shopping center, the principal business of which is the selling of any one of the following

classes of merchandise, to wit: hardware, housewares, automobile supplies, electrical plumbing, toys, home furnishings, sporting goods, appliances and paints. No other retail store in the shopping center shall devote more than twenty-five percent (25%) of its sales to the aggregate of the foregoing classes of merchandise.

In 1996, appellant was made aware that appellees had rented space in the shopping center to a Dollar General Store and Auto Zone. Appellant filed suit to prevent what was seen as a violation of its lease by the landlord.

On the hearing for an injunction, appellant's owner testified that the products sold at Dollar General Store overlapped with 68% of the merchandise sold at his store, such as electrical equipment, lawn and garden furniture, appliances, paint, sporting goods, and toys. He also testified that 7.9% of appellant's sales came from automotive products, which he believed would be negatively affected by the competition of Auto Zone. Appellees' witnesses testified that the restrictive covenant was broader than that in a typical commercial lease and that, in their opinion, the additional businesses would bring extra traffic to appellant and improve its business.

The Trial Court denied appellant's application for an injunction, finding that the clause in the lease was too broad to be enforceable and that there had been ?no demonstration that the Plaintiff would suffer irreparable harm from this time until we try this lawsuit.?

Restrictive covenants are frequently inserted into shopping center leases, for the purpose of protecting the tenant against competition within the center. 49 Am Jur 2d Landlord and Tenant § 70 (1995). We have been referred to no

2

Tennessee which has addressed their enforceability. However, many other states have considered such clauses and found them enforceable so long as they are reasonable in scope. *C.K.&J.K., Inc. v. Fairview Shopping Center Corp.*, 407 N.E.2d 507 (Ohio 1980); *Alexander's Dep't Stores v. Arnold Constable Corp.*, 250 A.2d 792 (N.J. Super.Ct.Ch.Div. 1969); *National Super Markets, Inc. v. Magna Trust Co.*, 570 N.E.2d 1191 (Ill. App. Ct. 1991); *Mendell v. Golden-Farley of Hopkinsville, Inc.*, 573 S.W.2d 346 (Ky. Ct. App. 1978). The rationale behind these decisions is the recognition that rather than restricting competition, such covenants serve to facilitate trade and induce tenants to rent in a particular shopping center.

The reasonableness of a restrictive covenant is examined in terms of its scope and effect. *C.K.&J.K., Inc.* The restriction in this case is not unreasonably broad by these criteria. In terms of effect, the restriction affects only a single shopping center. It is reasonable for the plaintiff to want to avoid competition within this center. The public's interest is not adversely affected, as the market as a whole is unaffected where there are several shopping centers available in a community. In terms of scope, defendants' expert opined that this clause was much broader than those he had dealt with in his experience. It is true that the clause does contain a rather lengthy list of items which other stores within the center may not carry in significant amounts. However, courts have experienced difficulty interpreting clauses which described competitors with less specificity. *See e.g., Rite Aid of Ohio, Inc.,*

3

*Marc's Variety Store, Inc.*, 638 N.E.2d 1056 (Ohio Ct.App. 1994); *Snyder's Drug Stores, Inc., v. Sheehy Properties, Inc.*, 266 N.W.2d 882 (Minn. 1978).

If the clause merely barred similar ?hardware? stores or named specific competitors, it would be ignoring the fact that appellant's business depends on more than simply the sale of hardware[1]. The list of goods, although rather numerous, serves to clarify any ambiguity that might otherwise exist in the clause. It is limited to items which provide significant portions of plaintiff's sales and is not so overly broad in scope as to render it unenforceable.

If the language of a contract is clear and unambiguous, it must be construed as written. *Cummings v. Vaughn*, 911 S.W.2d 739, 742 (Tenn.App. 1995). This lease requires that stores which lease in the center may not have one of the named items as their principal business. Nor may appellees lease to a store which carries several of the named categories, if the sum of those products amounts to more than 25% of its overall business.

We conclude the lease is enforceable against appellees and the cause is remanded to the Trial Court to proceed in this cause consistent with this opinion.

The cost of the appeal is assessed to appellees.

---

[1] Mr. Keith testified that hardware sales provide only 20% of his store's revenue. Other areas of significant revenue were lawn/farm/garden at 22.4%, automotive products at 7.9%, electrical at 7.9%, plumbing at 13.8%, paint and sundries at 12.7%, and sporting goods at 7%.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M Goddard, P.J.

_____
Don T. McMurray, J.

FILED

June 6, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

KEITH HARDWARE, INC.,              ) C/A NO.  03A01-9610-CH-00339
                                    )
        Plaintiff-Appellant,        ) WASHINGTON CHANCERY
                                    )
v.                                  )
                                    )
DOUGLAS L. WHITE and wife,          )
CAROLYN L. WHITE,                   )
                                    )
        Defendants-Appellees.       )

_____        O R D E R


        This cause was regularly heard and considered by the court.  IT IS NOW ORDERED that the judgment of the Trial Court is reversed, and the cause remanded.  The costs of appeal are adjudged to appellees, for which execution may issue if necessary.


                        PER CURIUM