IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
AUGUST 15, 2005 Session

## CITY OF CLARKSVILLE v. MARCUS DIXON and ANTHONY P. BARNETT

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 50300483 and 50300535     John H. Gasaway, III, Judge**

---

**No. M2004-01656-COA-R3-CV - Filed December 20, 2005**

---

In this appeal, we are asked to determine whether the trial court erred when it granted two petitions for writ of certiorari, held that the city court's penalties issued to Marcus Dixon and Anthony Barnett violated Article VI, Section 14 of the Tennessee Constitution, and held that the city court's procedure for collection of fines in chronological order violated public policy. The appellant asserts (1) that the appellees' use of petitions for writ of certiorari were used impermissibly as a substitute for appeal; (2) that the issues raised by the appellees in their petitions for writ of certiorari were barred by the doctrine of res judicata; (3) that the Tennessee Supreme Court's decision in *Davis v. City of Chattanooga*, 54 S.W.3d 248 (Tenn. 2001), applied prospectively and, thus, did not apply to the appellees' penalties; and (4) that the city court's collection of fines in chronological order was not against public policy. We affirm in part and reverse in part the decision of the trial court, and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part;**
**Reversed in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

David Haines, City Attorney, Clarksville, TN, for Appellant

Stacy A. Olson, Clarksville, TN, for Appellee, Marcus Dixon

Sharon T. Massey, Clarksville, TN, for Appellee, Anthony P. Barnett

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Between September 1998 and November 1999, Marcus Dixon ("Dixon") was cited six times for playing loud music in violation of a Clarksville ("City" or "Appellant") city ordinance. After Dixon failed to appear in the Clarksville City Court (the "City Court"), the City Court entered a default judgment against Dixon, levying fines in the amount of $500 for each violation. Between September 1999 and May 2002, Anthony Barnett ("Barnett," or collectively with Dixon, "Appellees") was cited nine times for playing loud music in violation of the same ordinance. The City Court imposed fines ranging from $80.00 to over $500.00 for each of Barnett's violations. Barnett paid three of the fines, but the other fines remain unpaid.

In February 2003, Barnett received a citation for speeding, and the City Court subsequently imposed a fine of $72.00. In June of 2003, Barnett tendered payment for this most recent fine to the city clerk. The City clerk refused to accept the payment. In March 2001, the City Court entered an oral order directing that a person "shall not be permitted to pay, satisfy, or resolve any subsequent City of Clarksville citation until all prior citations have been fully paid, satisfied or resolved." In June of 2003, the City Court entered an order *nunc pro tunc* making the oral order effective as of March 1, 2001.

After the court clerk refused his payment, Barnett filed a Petition for Writ of Certiorari in the Montgomery County Circuit Court pursuant to section 27-8-101 *et seq.* of the Tennessee Code. Dixon also filed a similar petition, and the circuit court consolidated the petitions by agreement of Dixon and Barnett. The petitions alleged that the City Court violated the $50.00 fine clause in Article VI, Section 14 of the Tennessee Constitution.[1] Barnett's petition also alleged that the City Court's procedure for collecting the fines violated public policy. Neither party sought an appeal pursuant to section 27-5-101 of the Tennessee Code governing appeals from judgments of a municipal court.[2] As a result, the City filed a motion to quash the petitions alleging that Dixon and Barnett improperly used the writ of certiorari as a substitute for an appeal under section 27-5-101 of the Tennessee Code.

---

[1] Article VI, Section 14 of the Tennessee Constitution reads as follows:

> No fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars.

[2] Section 27-5-101 of the Tennessee Code reads as follows:

> Any person dissatisfied with the judgment of a recorder or other officer of a municipality charged with the conduct of trials, in a civil action, may, within ten (10) entire days thereafter, Sundays exclusive, appeal to the next term of circuit court.

On October 31, 2003, the circuit court denied the City's motion to quash Dixon's and Barnett's petitions and held (1) that the fines issued by the City Court were unconstitutional; (2) because the City Court exceeded its jurisdiction by issuing unconstitutional fines, the prospective application of *City of Chattanooga v. Davis*, 54 S.W.3d 248 (Tenn. 2001) and the doctrine of res judicata did not bar Dixon and Barnett from contesting the City Court's judgments; and (3) that the City Court's policy regarding payment of fines in chronological order was against public policy. On November 25, 2003, the City filed a motion to alter or amend the judgment. On July 16, 2004, the circuit court denied the City's motion to alter or amend the judgment.

## II. ISSUES PRESENTED

Appellant has filed a timely notice of appeal, presenting the following issues:

1.  Whether the circuit court erred when it denied Appellant's motion to quash Appellees' petitions for writ of certiorari;
2.  Whether the circuit court incorrectly held that Appellees' collateral attacks on the City Court's judgments were not barred by the doctrine of res judicata;
3.  Whether the circuit court erred in determining that the fines imposed by the City Court were void; and
4.  Whether the circuit court erred in holding that the City Court's order requiring chronological payment of fines was void since it violated public policy.

For the following reasons, we affirm in part and reverse in part the decision of the circuit court, and remand this case for further proceedings consistent with this opinion.

## III. DISCUSSION

### A. Writ of Certiorari Grant

Appellant asserts on appeal that the circuit court erred when it did not grant its motion to quash Appellees' petitions for writs of certiorari because Appellees are impermissibly using a writ of certiorari as a substitute for appeal. We disagree.

As this Court has noted,

> Writs of certiorari . . . are not granted as a matter of right. *Boyce v. Williams*, 215 Tenn. 704, 389 S.W.2d 272, 277 (Tenn. 1965). Rather, the decision to issue a writ of certiorari . . . lies in the sound discretion of the trial judge. *Id.* Accordingly, our review is limited to determining whether the circuit court abused its discretion in granting Appellees' petition for certiorari. . . .

-3-

*Ancro Fin. Co. v. Johnson*, No. W2000-02709-COA-R3-COV, 2001 Tenn. App. LEXIS 799, at *5-6 (Tenn. Ct. App. Oct. 23, 2001). "A trial court abuses its discretion 'only when it applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" *Biscan v. Brown*, 160 S.W.3d 462, 468 (Tenn. 2004) (quoting *Mercer v. Vanderbilt Univ., Inc.*, 134 S.W.3d 121, 131 (Tenn. 2004) (quoting *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn.2001))).

While under Tennessee law, writs of certiorari may not be used as a substitute for appeal absent certain exceptions, *Uselton v. Price*, 292 S.W.2d 788, 792-93 (Tenn. Ct. App. 1956) (quoting *McMurry v. Milan*, 32 Tenn. 176, 178-79 (1852)), section 27-8-101 of the Tennessee Code states that a "writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal . . . exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy," Tenn. Code Ann. § 27-8-101 (2005). Accordingly, a writ of certiorari is the proper method for challenging whether an inferior tribunal's action is void when the tribunal bases its action on an unconstitutional statute or acts under an unconstitutional statute, thereby exceeding its jurisdiction. *See State Bd. of Med. Exam'rs v. Friedman*, 263 S.W. 75, 79 (Tenn. 1923).

In this case, Appellees are attempting to render the amount of the fines imposed by the City's ordinances they violated unconstitutional under Article VI, Section 14 of the Tennessee Constitution. Thus, the circuit court's grant of Appellees' petition for writ of certiorari and its denial of Appellant's motion to quash Appellees' petitions were not an abuse of discretion.

## B. Res Judicata

Appellant has also asserted that Appellees cannot collaterally attack the judgments of the City Court because, after the time for appeal of those fines had expired, the judgments became final and were no longer subject to collateral attack based on the doctrine of res judicata. We disagree.

Generally, "[t]he doctrine of res judicata 'bars a second suit between the same parties or their privies on the same cause of action with respect to all issues that were or could have been litigated in the former suit.'" *Cohn v. Bd. of Prof'l Responsibility*, 151 S.W.3d 473, 486 (Tenn. 2004) (quoting *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) (quoting *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989))). However, a petitioner does not lose his or her right to contest a void judgment by an inferior tribunal by writ of certiorari where the tribunal is acting in excess of its jurisdiction because the petitioner did not exhaust the appeals process. *Houser v. McKennon*, 60 Tenn. (1 Baxt.) 287, 288 (Tenn. 1872) (finding that petitioner could contest by writ of certiorari a justice of the peace's judgment against him as void that was in excess of maximum judgment the justice could render despite the fact that petitioner failed to appeal the judgment); *accord Connors v. City of Knoxville*, 189 S.W. 870, 870-72 (Tenn. 1916).

In the instant case, Appellees were not trying to re-litigate the issues when they petitioned for writ of certiorari. Rather, Appellees sought relief from a void judgment of an inferior tribunal

that exceeded its jurisdiction by rendering fines over $50 in violation of Article VI, Section 14 of the Tennessee Constitution. Thus, the doctrine of res judicata does not bar the Appellees' petitions for writ of certiorari.[3]

## C.    Voiding of City Fines

On appeal, Appellant asserts that although our supreme court's decision in **City of Chattanooga v. Davis**, 54 S.W.3d 248 (Tenn. 2001), rendered any fine issued by a municipal court as a punishment void pursuant to Article VI, section 14 of the Tennessee Constitution, *Davis* does not apply retroactively. We agree.

As our supreme court has noted,

> In civil cases, judicial decisions overruling prior cases generally are given retrospective effect. *See, e.g., Perez v. McConkey*, 872 S.W.2d 897, 906 (Tenn. 1994) (applying abolition of assumption of the risk doctrine retroactively); *Cook v. Spinnaker's of Rivergate, Inc.*, 846 S.W.2d 810, 812 (Tenn. 1993) (further describing proper retroactive application of *McIntyre*); *McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn. 1992) (applying comparative fault doctrine retroactively). Retrospective effect will be "denied only if such an application would work a hardship upon those who have justifiably relied upon the old precedent." *Marshall v. Marshall*, 670 S.W.2d 213, 215 (Tenn. 1984); *see generally*, S.R. Shapiro, Annotation, *Prospective or Retroactive Operation of Overruling Decision*, 10 A.L.R.3d 1371 (1966).
>
> Nevertheless, we expressly held in *Blank v. Olsen*, 662 S.W.2d 324 (Tenn. 1983), that "in the absence of . . . an expressed intent [to make it retroactive,] the rule is . . . that the decision overruling a judicial construction of a statute will not be given retroactive effect." *Id.* at 325 (emphasis added) (citing 20 Am. Jur. 2d *Courts* § 234 (current version at 20 Am. Jur. 2d *Courts* § 175)). We cited with approval authority from other jurisdictions that had

---

[3] Appellants have asserted in their brief on appeal that if this Court were to hold that res judicata does not bar Appellees' contest of the Clarksville city court's judgments, a city court's judgments could be subjected to attack in perpetuity. Although a city court's judgment may be subject to attack on constitutional grounds by writ of certiorari as in this case, generally it may not be subject to attack on the merits of the decision beyond the appeals time limit. While we find that the time limit for filing a petition for writ of certiorari is by the next term of the circuit court, *Copeland v. Cox*, 52 Tenn. 171, 174 (1871), this time limit is no longer applicable since circuit courts no longer sit in terms, *see* Tenn. Code Ann. § 16-2-510 (2005). Thus, there is no current time limit for filing petitions for writs of certiorari. This Court may not place time limits on such filings. *See* Tenn. Code Ann. § 16-3-402, -403, -404 (2005).

> held "a judicial interpretation of a statute becomes a part of the statute itself" and that "[a] change in the judicial view of the law by a subsequent decision could not amount to more than a change in the law by legislation, and, of course, could act prospectively only." *Id.* at 326 (internal quotations and citations omitted).

*Hill v. City of Germantown*, 31 S.W.3d 234, 239 (Tenn. 2000). "A law is retrospective if it 'changes the legal consequences of acts completed before its effective date.'" *Miller v. Fla.*, 482 U.S. 423, 430 (1987) (quoting *Weaver v. Graham*, 450 U.S. 24, 31 (1981)).

Article VI, Section 14 of the Tennessee Constitution states that "[n]o fine shall be laid on any citizen of this State that shall exceed fifty dollars, unless it shall be assessed by a jury of his peers, who shall assess the fine at the time they find the fact, if they think the fine should be more than fifty dollars." Tenn. Const. art. VI, § 14. In 1964, this Court construed the word "fine" in this constitutional provision so as not to include civil penalties assessed by municipalities. *O'Dell v. City of Knoxville*, 388 S.W.2d 150, 152 (Tenn. Ct. App. 1964). In 2001, our supreme court in *City of Chattanooga v. Davis*, 54 S.W.3d 248 (Tenn. 2001), held that a civil penalty imposed by a municipal ordinance that is punitive in nature is a fine and subject to the constraints of Article VI, section 14 of the Tennessee Constitution. *Id.* at 281. Thus, any penalty of this nature that exceeds fifty dollars ($50) is void.

As a result, *Davis* overruled *O'Dell's* construction of Article VI, Section 14 of the Tennessee Constitution as it applied to municipal ordinance civil penalties that are punitive in nature. Further, in *Davis*, the supreme court made no mention whether its decision in *Davis* should apply retroactively. Absent this express judicial intent, the supreme court's construction of Article VI, Section 14 of the Tennessee Constitution in *Davis* applies prospectively. Thus, *Davis* only applies to penalties imposed for municipal ordinance violations committed after *Davis'* judgment date, September 4, 2001.[4] Accordingly, any judgment in excess of fifty dollars ($50) imposed on municipal ordinance violations committed before this date is valid.[5]

---

[4] We note that the circuit court found that the issue here was not a constitutional one but a jurisdictional one and that each judgment was *void ab initio*. However, the Clarksville city court was not acting in excess of its jurisdiction prior to *Davis* because it was within the jurisdiction of a city court to issue civil penalties up to five hundred dollars ($500). *See* Tenn. Code Ann. §§ 6-54-306, -308 (2005); *O'Dell*, 388 S.W.2d 150.

[5] We note that Barnett was cited for several municipal ordinance violations after *Davis'* judgment date and fined for each violation an amount in excess of $50. We reduce the fines imposed on those violations to $50 per violation. *See Town of Nolensville v. King*, 151 S.W.3d 427, 433 (Tenn. 2004) (citations omitted) (modifying fines imposed by municipal judge to fifty dollars per offense).

### D. City Court's Collection of Fines

Finally, Appellant contends that the circuit court erred when it found the City Court's rule for collection of fines chronologically void as "against the public policy expressed in both the Clarksville Code and Tennessee Code Annotated."

As our supreme court has stated,

> "[t]he public policy of Tennessee 'is to be found in its constitution, statutes, judicial decisions and applicable rules of common law. *Home Beneficial Ass'n. v. White*, 180 Tenn. 585, 177 S.W.2d 545 (1944).'" *Smith v. Gore*, 728 S.W.2d 738, 747 (Tenn. 1987) (quoting *State ex rel. Swann v. Pack*, 527 S.W.2d 99, 112 n. 17 (Tenn. 1975), cert. denied, 424 U.S. 954, 96 S.Ct. 1429, 47 L.Ed.2d 360 (1976)). Primarily, it is for the legislature to determine the public policy of the state, *Hyde v. Hyde*, 562 S.W.2d 194, 196 (Tenn. 1978), and only in the absence of any declaration in the Constitution and statutes may public policy be determined from judicial decisions. *Cavender v. Hewitt*, 145 Tenn. 471, 475, 239 S.W. 767, 768 (1921). However, where there is no declaration in the Constitution or the statutes, and the area is governed by common law doctrines, it is the province of the courts to consider the public policy of the state as reflected in old, court-made rules. *Hanover v. Ruch*, 809 S.W.2d 893, 896 (Tenn. 1991).

*Crawford v. Buckner*, 839 S.W.2d 754, 759 (Tenn. 1992).

Under Tennessee law, "[i]t is the duty of the city judge to collect and receipt for all fines imposed by the city judge." Tenn. Code Ann. § 6-21-507(a) (2005). Moreover, the Clarksville City Code, [t]he city court judge shall have power and authority to impose fines . . . and to enforce the collection of such fines, costs and forfeitures imposed by him. . . ." Clarksville, Tenn., Official Code of City of Clarksville, Part I, Art. IV, § 4(1). The Tennessee legislature has been silent on whether a city judge may establish rules relating to the collection of civil penalties imposed by him or her.[6]

When this Court determines whether a municipality has the authority to act, we must apply

---

[6] Under the current municipal ordinances of the City, a city court judge may enact rules relating to the enforcement of collection of fines. Clarksville, Tenn., Official Code of City of Clarksville, Part II, Art. IV, § 4(1). This authority, however, was not conferred until May 5, 2005. *Id.* Applying this statute prospectively, this ordinance is inapplicable in this case. *See Nutt v. Champion Int'l Corp.*, 980 S.W.2d 365, 368 (Tenn. 1998) ("Statutes are presumed to operate prospectively unless the legislature clearly indicates otherwise." (citing *Shell v. State*, 893 S.W.2d 416, 419 (Tenn. 1995); *Kee v. Shelter Ins. Co.*, 852 S.W.2d 226, 228 (Tenn. 1993); *State v. Defriece*, 937 S.W.2d 954, 957 (Tenn. Ct. App. 1996))). In addition, Appellees note in their brief on appeal that section 40-24-101 of the Tennessee Code is the applicable statute with regards to the power and authority of a city court to collect fines. This statute, however, is inapplicable in this situation. Section 40-24-101 of the Tennessee Code is a rule of criminal procedure. The penalties imposed here are civil, not criminal, penalties.

Dillon's Rule[7] to construe the intent of the legislature. ***See Arnwine v. Union County Bd. of Educ.***, 120 S.W.3d 804, 807 (Tenn. 2003). "At its most basic level, Dillon's Rule is a canon of statutory construction that calls for the strict and narrow construction of local governmental authority." ***Id.*** Under this rule, a municipal government may act when

> (1) the power is granted in the "express words" of the statute, private act, or charter creating the municipal corporation; (2) the power is "*necessarily or fairly implied* in , or *incident* to[,] the powers expressly granted"; or (3) the power is one that is neither expressly granted nor fairly implied from the express grants of power, but is otherwise implied as "essential to the declared objects and purposes of the corporation."

***Id.*** at 807-08.

In this case, Tennessee law and the City's code expressly authorize a city court judge to collect judgments. Incident to a city court judge's expressly conferred power to collect judgments is the ability to make rules governing such collection. As such, a city court may not only collect judgments by may also adopt rules establishing how to attribute payments by municipal offenders in satisfaction of fines.

This express and implied authority attributed to city court judges pursuant to Tennessee law establishes the public policy of Tennessee. Thus, it is not against the public policy of Tennessee to require the payment of fines in chronological order.

## IV.    Conclusion

For the reasons set forth herein, we affirm in part and reverse in part the circuit court's decision. We remand for further proceedings consistent with this opinion. Costs of this appeal are taxed equally to Appellant, the City of Clarksville and its surety, and to Appellees, Marcus Dixon and Anthony P. Barnett, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

---

[7] "The Rule takes its name from John F. Dillon, a Federal Circuit Judge, Chief Justice of the Iowa Supreme Court, noted law professor and author of Dillon on Municipal Corp." ***Chattanooga Area Reg'l Transp. Auth. v. T.U. Parks Constr. Co.***, No. O3A01-9712-CH-00524, 1999 Tenn. App. LEXIS 58, at *9 n. 2 (Tenn. Ct. App. Jan. 28, 1999). This rule was first adopted by the Tennessee Supreme Court in ***Mayor & City Council of Nashville v. Linck***, 80 Tenn. (12 Lea.) 499 (1883).